EUNICE E. FARNHAM vs. SARAH A. THOMPSON and others, Defendants, and SARAH P. BUTLER and others, Intervenors.

December 5, 1885.

**Appeal—"Case" need not Include Findings of Court.**—To make findings of fact and conclusions of law on a trial by the court without a jury part of the record, it is not necessary to incorporate them in a "case" or bill of exceptions.

**Practice — Modification of Conclusions of Law on Motion for New Trial.**—Though the more correct practice, where it is claimed that the conclusions of law are not justified by the facts found, is to move the court below to correct or modify them, yet the objection to them may be made on a motion for a new trial, and, if satisfied the conclusions are wrong, the court should then correct or modify them.

**Power of Attorney to Sell Land—Omission of Word "Convey."**—Where, in a power of attorney to sell real estate, it appears that the term "to sell" is used in the ordinary sense, and the general tenor and effect of the instrument is to confer a power to dispose of the real estate, the authority to execute the proper conveyance is necessarily incident, though the term "to convey" is not used.

**Probate Court—Effect of Final Decree Assigning Real Property.**—A probate court, in assigning the real property of a decedent upon administration of his estate, has authority to determine to whom the estate passed upon the death of the decedent, and to what extent the share of such person has been affected by administration, but has no jurisdiction to determine the rights of one claiming, through the acts of an heir or devisee, the real estate to which such heir or devisee succeeded upon the death of decedent.

**Deed to Religious Corporation—Condition Subsequent.**—In a conveyance of land to a religious corporation, the words "for the purpose of erecting a church thereon only," following the description of the property, do not, of themselves, create a condition subsequent.

Ejectment. The plaintiff claims title under a quitclaim deed made by one Hope Davis, on November 9, 1883. The defendant Thompson claims under a warranty deed made by Hope Davis, by Henry H. Davis as attorney-in-fact, on April 2, 1886, and under a warranty deed, made October 28, 1867, by Levi Butler and wife to the First Presbyterian Church of Minneapolis. The intervenors claim title as the widow and heirs of Levi Butler. The action was tried before *Koon, J.*, without a jury, in the district court for Hennepin county, and upon the findings of fact, which are stated in the opinion, judgment was directed to be entered in favor of the intervenors. Both plaintiff and defendants appeal from an order refusing a new trial.

*C. H. Benton*, for plaintiff.

An agent to sell land has not, as such, power to convey. Martindale on Conveyancing, § 236; *Force* v. *Dutcher*, 18 N. J. Eq. 401.

*Gilfillan, Belden & Willard*, for defendants.

The power to sell implies the power to convey. *Wittkowsky* v. *Wasson*, 71 N. C. 451; *Valentine* v. *Piper*, 22 Pick. 85; *Madison Ave. Church* v. *Baptist Church*, 11 Ab. Pr. (N. S.) 132.

The words "for the purpose of erecting a church thereon only" do not make a condition. Comyn's Digest, Condition, A. 6; *Rawson* v. *Inhabitants of Uxbridge*, 7 Allen, 125; *Packard* v. *Ames*, 16 Gray, 327; *Sohier* v. *Trinity Church*, 109 Mass. 1; *Crane* v. *Hyde Park*, 135 Mass. 147; *Brown* v. *Caldwell*, 23 W. Va. 187; *Supervisors Warren Co.* v. *Patterson*, 56 Ill. 111; *Methodist Church* v. *Old Columbia Public Ground Co.*, 103 Pa. St. 608; *Episcopal City Mission* v.

*Appleton,* 117 Mass. 326; *Stanley* v. *Colt,* 5 Wall. 119; *Craig* v. *Wells,* 11 N. Y. 315; *Fuller* v. *Arms,* 45 Vt. 400; *Thornton* v. *Trammell,* 39 Ga. 202; *Ayer* v. *Emery,* 14 Allen, 67; *Ward* v. *N. E. Screw Co.,* 1 Clifford, 565; *Carter* v. *Branson,* 79 Ind. 14; *Weir* v. *Simmons,* 55 Wis. 637; *Strong* v. *Doty,* 32 Wis. 381; *Cook* v. *Trimble,* 9 Watts, 15; *Laberee* v. *Carleton,* 53 Me. 211; *Risley* v. *McNeice,* 71 Ind. 434; *Hone* v. *Woodruff,* 1 Minn. 303, (418.)

*Babcock & Davis,* for intervenors.

The words "for the purpose of erecting a church thereon only" constitute a valid condition subsequent, binding upon the grantees, the non-performance of which defeats the estate. Willard, Eq. Jur. 523; *U. S.* v. *Arredondo,* 6 Pet. 691; *Cowell* v. *Springs Co.,* 100 U. S. 55; *Taylor* v. *Sutton,* 15 Ga. 103; *Hunt* v. *Beeson,* 18 Ind. 380; *Osgood* v. *Abbott,* 58 Me. 73; *Hayden* v. *Stoughton,* 5 Pick. 528; *Gray* v. *Blanchard,* 8 Pick. 283; *Dorr* v. *Harrahan,* 101 Mass. 531; *Linzee* v. *Mixer,* 101 Mass. 512; *Langley* v. *Chapin,* 134 Mass. 82; *Gillis* v. *Bailey,* 21 N. H. 149; *Austin* v. *Cambridgeport Parish,* 21 Pick. 215; *Barker* v. *Cobb,* 36 N. H. 344; *Ludlow* v. *N. Y. & H. R. R. Co.,* 12 Barb. 440; *Gibert* v. *Peteler,* 38 N. Y. 165; *Sperry* v. *Pond,* 5 Ohio, 387; *McKissick* v. *Pickle,* 16 Pa. St. 140; *Sharon Iron Co.* v. *Erie,* 41 Pa. St. 341; *Abbott* v. *Mills,* 3 Vt. 521; *Congregational Society* v. *Stark,* 34 Vt. 243; *Daniels* v. *Wilson,* 27 Wis. 492; *Horner* v. *Chic., M. & St. P. Ry. Co.,* 38 Wis. 165.

GILFILLAN, C. J.[1] This is an action of ejectment, the plaintiff, and defendant Sarah A. Thompson, respectively, and the intervenors, claiming title. The decision was in favor of the intervenors. The appeal is from an order refusing a new trial. In the record brought here are the findings and conclusions of law of the court below, (the cause having been tried without a jury,) and a bill of exceptions containing the rulings of the court on a motion for judgment against the intervenors on the pleadings, and on an objection to the intervenors' introducing any evidence under their complaint.

We have to dispose of a preliminary question of practice. The respondents (the intervenors) move to strike the findings of the court

---

[1] Vanderburgh, J., took no part in the decision of this case.

from the record, on the ground that as a motion for a new trial can be made for errors in law only on a case or bill of exceptions, and the findings are not in the bill of exceptions, they could not be considered by the court below on the motion for a new trial, and they are not properly a part of the record in this court. On being filed in the court below, they became part of the record, and there was no necessity to include them in the bill of exceptions, the only purpose of which is to make matters of record the rulings of the court and exceptions thereto which are not otherwise of record. It is necessary to have the findings here, otherwise we could not see how the case was decided, what bearing and effect the rulings had on the decision, and whether they could have operated to the prejudice of the party complaining of them. The motion is therefore denied.

Another matter incidentally argued on this motion was that a motion for a new trial cannot be made on the ground that the conclusions of law are not sustained by the facts found, and that, on appeal from an order refusing the motion, this court cannot consider that point. Strictly and logically this may be so. When it is claimed that the conclusions are not justified by the facts, the proper practice (if the party wishes the court below to consider the question) is to move that court to modify or correct them. But we understand it to be a common practice in the district courts for the party to make, and the court to pass on the point on a motion for a new trial, and in at least two cases this court, on an appeal from an order refusing a new trial, has considered the point, and directed the court below to modify its conclusions. See *Ames* v. *Richardson*, 29 Minn. 330; *Coolbaugh* v. *Roemer*, 32 Minn. 445. The practice, though not logical, is convenient, and, as it has become to some extent settled, we sanction it. Of course the court below could not grant a new trial merely on the ground that its conclusions of law were wrong, but on a motion for a new trial it ought, if they are wrong, to correct them.

The point made on the motion for judgment on the pleadings, and on the objection to the intervenors' introducing any evidence under their complaint, was that their complaint is in the nature of an action to enforce a forfeiture. We do not understand the complaint as

asking the court to enforce a forfeiture, but to claim that the estate which passed out of their ancestor Levi Butler became revested in him by breach of condition subsequent. If the estate so revested, the court, whether of law or equity, will recognize it. That point is therefore overruled.

Coming to the merits, the facts of the case are: In 1863, John W. Davis, then owner of the land, died, leaving Hope Davis his sole heir. In March, 1866, the latter executed to Henry H. Davis a letter of attorney, in which the power granted is stated as "for me, and in my place and stead, to sell," (here follows a description of the land,) "hereby giving and granting unto him, said attorney, my full and whole power and authority in and about the premises, and, generally, all and every act and acts, thing and things, devise and devises, in the law, whatsoever, necessary and needful to be done in and about the premises, for me and in my name to do, execute, and perform, as largely and amply, to all intents and purposes, as I might or could do if personally present." In April, 1866, Henry H. Davis, under this power, executed the warranty deed of Hope Davis, conveying the lands to Schuyler H. Mattison, and through this deed the land came, in 1866, to Levi Butler. In 1867 he conveyed to the trustees of the First Presbyterian Church of Minneapolis, "their successors in office and assigns, forever." In the deed conveying it, immediately after the description of the land, was this clause, "for the purpose of erecting a church thereon only." Then followed the *habendum* and *tenendum* clause, thus: "To have and to hold the same, together with all the hereditaments and appurtenances thereunto in anywise appertaining." This deed purports to be in consideration of one dollar, but the court finds that there was no actual consideration, and that the conveyance was voluntary, for the purpose expressed in it. Soon after the conveyance, the grantee constructed upon it an addition to its church, which stood on the adjoining lot, and continued to occupy the land till 1872, when it conveyed to Robert F. Sample, removed the church and addition, and erected a church for its use elsewhere; since which time the land has not been occupied for church purposes. Defendant Sarah A. Thompson claims under Sample. Very soon after the removal of the

church and addition, Levi Butler took possession of and enclosed the land, and occupied it till he died, in 1878, and afterwards his widow, the intervenor Sarah P. Butler, occupied it till 1882, when the defendant Sarah A. Thompson took possession. In 1883 administration was commenced in the probate court of the county on the estate of John W. Davis, and in September of that year an order of distribution was made, in which the land was assigned to Hope Davis. In November of that year he conveyed to plaintiff. The power of attorney and the various deeds were duly recorded about the time of their execution.

The first question on the merits is as to the sufficiency of the power of attorney from Hope to Henry H. Davis to enable the latter to execute a conveyance, the objection to it being that it authorizes the attorney only to make a contract to convey, to agree on terms of sale, and bind the grantor to make a sale and conveyance, but not to make the conveyance himself on behalf of the grantor. Where the terms "sale" or "to sell" are used in the ordinary sense, and the general tenor and effect of the instrument is to confer a power to dispose of real estate, the authority to execute the proper instruments required by law to carry such sale into effect is necessarily incident. It is in pursuance of a general maxim that an authority to accomplish a definite end carries with it authority, so far as the grantor can give it, to perform the usual legal and appropriate measures to accomplish that end. In this instance, if there could be a doubt as to the effect of the term "to sell," it must be removed by reference to what may be done to accomplish a sale. The language "to do, execute, and perform as largely and amply, to all intents and purposes, as I might or could do if personally present," "generally, all and every act and acts, thing and things, devise and devises, in the law, whatsoever, needful and necessary to be done in and about the premises for me," and giving to said attorney "my full and whole power in and about the premises," shows, beyond reasonable question, that the purpose of the grantor was that the attorney should make, not merely a contract to sell, but a sale,—a completed and executed sale,—which could only be done by a conveyance. The power was therefore sufficient.

The next proposition of the plaintiff is that the decree of the probate court is conclusive that the lands belong to plaintiff notwithstanding the conveyance from Hope Davis, the heir. The title to real estate passes to the heir or devisee upon the death of the ancestor or devisor, subject, however, to the claims of administration upon it,—to the necessity to sell the whole or any part in administering the estate, (*Greenwood* v. *Murray*, 26 Minn. 259,) and the probate court, in its decree assigning the estate, determines who are the heirs or devisees, and what part of the estate is, after administration, to be assigned to the share of each. But although, in the case just cited, the opinion contains language which may suggest the contrary inference, the probate court has no jurisdiction to determine a controversy between an heir or devisee and a third party claiming from him, and not claiming as heir or devisee. In other words, that court may determine to whom the estate passed upon the death of the decedent, and in what proportions, or what part passed to each heir or devisee, and to what extent such proportion or part has been affected by the administration; but claims made by third persons against the land passing upon the death to an heir or devisee, based on alleged acts of such heir or devisee, and not on the law of descent, nor the effect of the will, are not involved in the administration, and must be determined by some other tribunal than the probate court. The only effect of the decree was, therefore, to determine that the land passed upon the death of John W. Davis to Hope Davis, discharged from the claims of administration. This disposes of the case of the plaintiff.

Between the defendant Sarah A. Thompson and the intervenors, the widow and heirs-at-law of Levi Butler, the case is to be determined upon the effect of the words "for the purpose of erecting a church thereon only," in the deed from Levi Butler to the trustees of the First Presbyterian Church. The question is, did those words create a condition subsequent, a breach of which, a re-entry being made, would defeat the estate granted? The question is not free from difficulty; but, applying the rules of interpretation established in regard to grants of real estate, and also upon the authorities, we are of opinion that the words do not create a condition subsequent.

Such conditions are not favored in law, because they tend to defeat estates vested, and are in the nature of forfeitures. Therefore it is in such cases a rule recognized by all the authorities that an estate on condition cannot be created by deed, except when the terms of the grant will admit of no other reasonable interpretation. The intention that the doing, or failing to do, on the part of the grantee, of the acts specified shall defeat the estate must be clearly and unambiguously expressed. No particular form of words is required to create the condition. Certain words have acquired a technical signification as creating such a condition,—such as "provided," "so as," or "on condition,"—when followed by words imposing an obligation on the grantee. But though these are apt words, and the most proper to be used for the purpose, they do not necessarily create a condition, for there may be other words in the deed qualifying them, showing that they were not used in their technical sense, and that a condition was not intended. Nor are those technical words necessary to create the condition, for the intent may be clearly and unequivocally expressed without them. As, if it be provided that, upon the failure of the grantee in the matter expressed, the grant shall be void, or the estate granted shall be forfeited, or the grantor may re-enter as of his former estate, a condition is created. But we have met with no case where the merely imposing an obligation on the grantee,—no technical terms to create a condition nor to clearly express an intent that on his failure the land shall revert to the grantor being used,—has been held to create a condition.

There is, however, a class of cases in which, as in this case, the deed expressed that the land should be used for a specified purpose and no other, but contained no technical words of condition, and no express words to the effect that a default should defeat the estate granted, in which the courts have had some difficulty in determining whether a condition was created, and upon which the decisions are not entirely agreed.

In *Hunt* v. *Beeson*, 18 Ind. 380, where land was donated on a town plat "for the purpose of erecting a tan-yard on it," it was held to create a condition. But that decision seems to have been made on the authority of *Hayden* v. *Stoughton*, 5 Pick. 528; and in the latter

v.34m—22

case there were technical words of condition,—a fact which the court in 18 Ind. undoubtedly overlooked, so that case is of very little weight as an authority. In *Horner* v. *Chicago, M. & St. P. Ry. Co.*, 38 Wis. 165, in which land was conveyed "only for depot and other railroad purposes," there being no consideration except the expected enhancement in value of the grantor's other adjacent lands in consequence of locating the depot there, from this the court concluded that the grantor intended to convey the land upon the condition that if the grantee failed to construct the railway, and locate and erect the depot thereon, he should have the power to destroy the estate of the grantee in the land by re-entry. The court recognized the canons of interpretation in such cases, but we cannot help thinking it failed to properly apply them. At any rate, it is the only case we have found squarely in point on that side of the question.

On the other hand, in *Wier* v. *Simmons*, 55 Wis. 637, where the grant was "upon the express condition" that the grantee should pay to third persons, strangers to the deed, certain sums, the court construed the provision as not creating a condition subsequent, but as granting the land absolutely, subject to the sums specified as a charge or lien on it. The case illustrates how averse the courts are to uphold conditions that will defeat an estate vested. So, in *Strong* v. *Doty*, 32 Wis. 381, where land was conveyed in trust to be devoted to a designated use, the court held that, because there were no words in the deed expressing an intent that the land should revert, there was no condition subsequent. In *Craig* v. *Wells*, 11 N. Y. 315, it was decided that a clause in the deed excepting and prohibiting specified uses of the land did not create a condition. In *Thornton* v. *Trammell*, 39 Ga. 202, the words, "it being expressly understood that said tract is not to be put to any other use than" (specifying it) were held to create a covenant, but not a condition. In *Rawson* v. *Inhabitants of School-Dist.*, 7 Allen, 125, the grant was "to have and to hold," etc., "for a burying-place forever," and it was held not a condition. In *Packard* v. *Ames*, 16 Gray, 327, it was held that a grant for a specified purpose, without other words, cannot create a condition. In *Sohier* v. *Trinity Church*, 109 Mass. 1, the words "in trust, nevertheless, and upon *condition* always," (to use the premises for public wor-

ship,) in a deed to a religious corporation, were held to create only a trust, and not a condition. In the last case (as in some others) stress is laid upon the fact that the purpose for which the property is to be used being in its nature general and public, it indicates rather a trust than a condition. There is no doubt that the grantor may make such use of the land a condition, but the matter is to be considered in arriving at the intention.

The order appealed from is affirmed, and the cause will be remanded to the court below, with directions to modify its conclusions of law so as to order judgment for the defendants.