FRANK SOUKUP *vs.* THOMAS TOPKA.

Argued June 6, 1893.   Affirmed June 29, 1893.

**Deed Construed to Grant the Fee, not Merely an Easement.**

A deed conveyed two adjoining tracts of land, and immediately following the description of the last tract contained the words "for a road to and from said premises first above described." *Held,* that these words, of themselves, were not sufficient either to limit the grant of the second tract to an easement, or to create a condition subsequent.

Appeal by plaintiff, Frank Soukup, from a judgment of the District Court of Scott County, *P. E. Brown,* J., entered November 1, 1892, awarding to defendant, Thomas Topka, the real estate in dispute.

Wenzel Drazda owned a saloon and dancing hall forty feet wide by one hundred and one feet deep, fronting south onto Main Street in New Prague, Scott County. He bought on March 27, 1877, of Edson R. Smith and Harriet C. Snow, a piece of land forty feet wide by eighty-two feet deep adjoining his saloon in the rear to the north, and a piece of land on the east of both, twelve feet wide and one hundred and eighty-three feet deep, running from Main Street north the full depth of his saloon, and of the land so purchased. This deed to Drazda correctly described the piece in the rear, and then correctly described this twelve-foot strip, and then contained the following words: "for a road to and from said premises first above described."

Drazda and wife on May 6, 1880, conveyed the saloon and lot in the rear and this twelve-foot strip to defendant, Thomas Topka. Smith and Snow on June 20, 1890, quitclaimed any interest they had in this twelve-foot strip to Anna Wrabeck, who owned a house and lot adjoining on the east. She on January 20, 1891, sold her house and quitclaimed the twelve-foot strip to the plaintiff, who, in April following, brought this action in ejectment to recover possession. He claimed that by these two quitclaim deeds he acquired title to the twelve-foot strip in fee, and that defendant had merely the right to pass to and fro over it from the street to the piece of land in the rear of his saloon. The construction of the deed to Drazda is the sole question in the case.

The issues were tried February 5, 1892. A jury was waived. Findings were filed, and judgment entered for defendant, that he is the owner of this twelve-foot strip of land, and that plaintiff has no right or title to, or interest in it. From this judgment plaintiff appeals. His sixth assignment of error was as follows:

The court erred in excluding the testimony of plaintiff's witnesses, Smith, Wrabeck and Drazda, by whom plaintiff endeavored to show the position of the parties, and the surrounding facts and circumstances, under which the deed of Edson R. Smith and Harriet C. Snow to Wenzel Drazda was given.

*F. C. Irwin* and *John W. Lane*, for appellant.

March 27, 1877, the title to the strip of land in dispute was in E. R. Smith, as Executor of the last will of George D. Snow, deceased, and Harriet C. Snow, his sole devisee. On that day they executed and delivered to Wenzel Drazda a warranty deed of a piece of land in the rear of his saloon, forty feet wide by eighty-two feet long. By the same deed they also granted to Drazda the twelve-foot strip in dispute, lying adjacent on the east, solely for a road, to and from the street on the south to the piece first described. It was the intention of the grantors to convey to Drazda an easement, a right of way over this strip of land. They did not intend to convey the strip absolutely. Courts do not now look at mere form or arrangement, but seek the intent, and when that is discovered, construe the deed to give effect to that intent. To sustain our construction of the deed to Drazda, we cite: *Flaten* v. *City of Moorhead,* 51 Minn. 518; *Robinson* v. *Missisquoi R. Co.,* 59 Vt. 426; *Sanborn* v. *City of Minneapolis,* 35 Minn. 314.

As to the sixth assignment of error, we would call the court's attention to the following cases, in addition to the cases above cited: *Witt* v. *St. Paul & Northern Pac. Ry. Co.,* 38 Minn. 122; *Austrian* v. *Davidson,* 21 Minn. 117; *Cannon* v. *Emmans,* 44 Minn. 294; *Winston* v. *Johnson,* 42 Minn. 398.

*Southworth & Coller,* for respondents.

We are unable to find any authority holding that a deed between individuals, containing the language expressed in this deed, conveyed less than a fee, and it is fair to presume that the cases cited by

appellant are the strongest in his favor, in the reports.  On the other hand we desire to call the attention of the court to the following authorities which are more directly in point: *Farnham* v. *Thompson*, 34 Minn. 330; *Vail* v. *Long Island R. Co.*, 106 N. Y. 283; *Rawson* v. *Inhabitants of School District*, 7 Allen, 125; 3 Wash. Real Prop. (4th Ed.) 382; 2 Wash. Real Prop. 300.

The sixth assignment of error is too indefinite to be of any avail. The witnesses were permitted to answer every question asked, and the answers were taken down, the court ruling upon them afterwards, with the understanding that exception would be allowed to the party against whom the ruling was made. Plaintiff in preparing the statement of case has not seen fit to note an exception to any ruling, and does not point out any which he claims to be error.

There is no latent ambiguity in the deed, and nothing to be explained by oral testimony. There is no dispute as to the location of the land or any of its boundary lines. The only dispute is as to the nature and quantity of the interest or estate granted, and this question is always a question of law, to be determined by the court from the instrument itself. 3 Wash. Real Prop. (4th Ed.) 404; 1 Am. & Eng. Encyc. of Law, 539.

MITCHELL, J.  Plaintiff's sixth assignment of error is unavailing both because it is too general and indefinite, and also because there were no exceptions to the rulings complained of.

The only point raised by the other assignments of error is that the conclusions of law are not justified by the findings of fact.

Upon the findings, which are all we can consider, the only question is the construction of the deed from Smith and Snow to defendant's grantor, Drazda.

This deed, for the consideration of $400, conveys, first, a tract of land 82 feet long, from north to south, by 40 feet wide, from east to west, and then adds, "and the said parties of the first part do hereby also grant to the said party of the second part a strip of land described as follows, to wit, [then follows description of a tract 183 feet long, from north to south, and 12 feet wide, from east to west,] for a *road to and from said premises first above described.*"

The question is whether, in view of the clause italicized, this deed conveyed an absolute fee, a conditional fee, or a mere easement, in the tract last described. This has to be determined from the language of the deed itself, unaided by anything else, unless it be the fact, ascertainable from the descriptions, that the last-described tract, beginning 101 feet further south, extends north along and adjoining the whole east line of the tract first described. The trial court decided in favor of the defendant, holding that the deed conveyed an absolute fee. The plaintiff's contention is that it conveyed only an easement for purposes of ingress and egress to and from the tract first described. None of the cases cited by him are analogous.

In *Sanborn* v. *City of Minneapolis*, 35 Minn. 314, (29 N. W. Rep. 126,) the conveyance expressly declared, not only that the land was deeded for alley purposes, but also that the grant should be null and void whenever the premises ceased to be kept for these purposes. Moreover, what is still more important, the grant was to a named grantee "and others who may own property along the within described alley," which was entirely inconsistent with that exclusive control and dominion over property consequent upon ownership in fee. In *Flaten* v. *City of Moorhead*, 51 Minn. 518, (53 N. W. Rep. 807,) where the deed provided that the land thereby conveyed was "to be forever held and used as a public park," while we did not decide whether this conveyed a conditional fee or a mere easement, the controlling considerations, aside from the language of the deed, which led us to hold that it did not convey an absolute fee, were that the grantee was a municipal corporation, and the consideration named in the deed merely nominal. In *Robinson* v. *Missisquoi R. Co.*, 59 Vt. 426, (10 Atl. Rep. 522,) the conveyance was to a plank-road corporation "for the use of a plank road." The principal reasons assigned for holding that this clause limited the grant to an easement were that the land conveyed was a strip through the grantor's entire farm; that the grantee was already in occupation of the premises; that the only possible use to which it could put the premises was for its road; and that the consideration expressed in the deed was grossly inadequate for a grant in fee. In the present case all these extrinsic facts are absent. The deed in terms conveys, not an easement

in the land, but the land itself, with an attempted restriction upon its use, if it be considered such, which is entirely consistent with the passing of the fee.    There is nothing in the deed reserving to the grantor any use of, or dominion over, the land; and the rule is that, if the grant be of the uses of and dominion over land, it carries the land itself.    3 Wash. Real Prop. (5th Ed.) 406.

This clause as to the purpose for which the land was conveyed is altogether too equivocal in its meaning, and as to the object of its insertion in the deed, to so qualify the previous language of the instrument conveying the land as to limit the grant to an easement.

According to all the authorities this deed would be held to convey the fee, and the clause referred to construed as, at most, an attempt to attach a condition subsequent to the grant.    2 Wash. Real Prop. (5th Ed.) 314; *Coburn* v. *Coxeter*, 51 N. H. 158; *Vail* v. *Long Island R. Co.*, 106 N. Y. 283, (12 N. E. Rep. 607.)

As counsel rest their whole case upon the proposition that the deed conveyed only an easement, and do not make the point that if it conveyed a fee it was only a conditional one, we have no occasion to consider that point further than to say that the clause referred to would not, of itself, create a condition subsequent, within the doctrine of *Farnham* v. *Thompson*, 34 Minn. 330, (26 N. W. Rep. 9,) where the subject of conditions subsequent was discussed at length and the authorities fully reviewed.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 824.)