JOHN McCUE v. EDWARD BARRETT and Another.[1]

November 16, 1906.

Nos. 14,921—(61).

**Conditions Subsequent.**

Conditions subsequent are to be strictly construed and taken most strongly against the grantor. A forfeiture for a breach of a condition subsequent may be waived by acts as well as by express agreement, and once waived the grantor cannot take advantage of it.

**Same.**

An agreement between the grantors of the parties hereto construed, and *held* that it is a conveyance of the land therein described upon the condition subsequent that the grantee, his heirs and assigns, should build and forever maintain a line fence.

**Waiver of Forfeiture.**

The grantee built the fence, and afterwards, with the full knowledge and consent of the plaintiff, the defendants removed it, and, with his consent, it remained down for some twelve years. *Held*, that such facts justified the finding and conclusion of the trial court that the plaintiff had waived a forfeiture of defendants' rights in the land for the breach of the condition.

Appeal by plaintiff from a judgment of the district court for Scott county, entered pursuant to the findings and order of Morrison, J., dismissing an action to recover possession of certain land. Affirmed.

*W. H. Leeman,* for appellant.

*F. C. Irwin,* for respondents.

[1] Reported in 109 N. W. 594.

STANT, C. J.

This is an appeal by the plaintiff from a judgment of the district court of the county of Scott in favor of the defendants in an action to recover possession of a strip of land one rod wide on the east side of the west half of the southeast quarter of section 13, town 113, range 25. There is no settled case or bill of exceptions, and the question to be determined is whether the facts found by the trial court are sufficient to sustain its conclusions of law directing judgment for the defendants on the merits.

The facts found, briefly stated, are these: On April 3, 1881, Edward Malz was the owner of the land in controversy, and on that day he duly executed a written agreement under seal to and with James Barrett whereby, in consideration of the covenants to be performed by Barrett, his heirs and assigns, he released, granted, and conveyed the land to Barrett, his heirs and assigns, for the purposes of a private cartway. The agreement contained the covenants and conditions following:

"In consideration of the foregoing release and conveyance of the above-described strip of land to him, James Barrett for himself, his heirs and assigns, hereby agrees to and with Edward Malz, his heirs and assigns, that he will keep and maintain at his own expense, from this time forth forever, a good and lawful fence four and a quarter feet high, made of split rails with stake and rider, the rails to be laid sufficiently close to turn sheep and hogs, on the east line of the strip of land so conveyed, and to rebuild and repair the same at any and all times when such rebuilding and repairing shall be necessary, and upon notice of the same by Malz, his heirs and assigns. And it is further mutually agreed and understood by and between the parties, their heirs and assigns, that in case Barrett, his heirs and assigns, shall fail to build and maintain such fence, or shall refuse to build or repair the same when necessary, then, and in that case, it is mutually understood and agreed that this agreement shall be void, and of no effect, and all rights hereby conveyed and released by Malz to Barrett shall revert to Malz, his heirs and assigns forever. The said release and conveyance of said strip of land to said party of the second part is upon the express condition of the building and maintaining said fence, and the failure to so build and maintain the same

99 M.—23

and repair the same to work a forfeiture of all rights thereunder."

This instrument was duly recorded. Upon the execution thereof, James Barrett took possession of the strip of land, and it has ever since been used by him and his grantees as a private cartway. The fence was built and maintained until the year 1888, as provided by the agreement. The plaintiff on March 28, 1888, succeeded to all the interest and rights of Edward Malz in and to the land and the agreement. The defendants have succeeded to all the interest and rights of James Barrett therein. At the time of the making of the agreement the land of the plaintiff on the west side of the cartway was used for a pasture, but ever since 1888 it has been used as a cultivated field by the plaintiff, and, by reason of such change in its use, there has since been no necessity for maintaining the fence. After such change, and in the year 1888, the fence was entirely removed by the defendants with the full knowledge and consent of the plaintiff, and with his knowledge and consent it remained down until April 16, 1903. On that day the plaintiff served a written notice on the defendants to build the fence in accordance with the terms of the agreement within thirty days after service of the notice; and further, that, if they failed so to do, all their rights and interest in the strip of land in question would be forfeited. The plaintiff, at the time he served this notice, had waived his right under the contract to insist upon having the fence rebuilt, by reason of his knowledge and consent to the removal of the fence for a period of more than twelve years, and by his acquiescence in the fence remaining down during that time. Other than as stated, there has been no breach of the conditions of the agreement.

It is the contention of the plaintiff that the finding of fact as to the change in the use of his land and the necessity for rebuilding the fence is immaterial, and, further, that the fact that the fence was removed and remained down for twelve years with his knowledge and consent does not justify the conclusion that he waived his right to enforce a forfeiture of the defendants' rights. The defendants claim that the covenant in the agreement on their part is, in legal effect, a condition subsequent, and the breach thereof was waived by the plaintiff. This necessitates a construction of the agreement.

It is urged by the plaintiff that it grants an easement only. It is

to be noted in this connection that the grantor reserved no rights in or dominion over the premises except in case the conditions as to the fence were not complied with. Nor does it contain any provision that in case the land is not used as a private cartway it shall revert. In the case of Soukup v. Topka, 54 Minn. 66, 55 N. W. 824, a deed conveyed two adjoining tracts of land, and immediately following the description of the last tract were added the words "for a road to and from said premises first above described," and it was held that these words did not limit the grant to an easement. In the case cited the court distinguished the cases of Sanborn v. City of Minneapolis, 35 Minn. 314, 29 N. W. 126, and Flaten v. City of Moorhead, 51 Minn. 518, 53 N. W. 807, 19 L. R. A. 195, relied upon by the plaintiff. The grant in this case was not limited to an easement; on the contrary, the strip of land itself was granted and conveyed by the instrument in question upon the condition subsequent that the grantee, his heirs and assigns, should build and forever maintain the fence. If, as plaintiff seems to contend, the words of the instrument were to be construed as covenants on the part of the grantee, and not as creating a condition subsequent, he would simply have a lien by reservation to secure the performance of the covenants. See Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736, and Graham v. Graham, 84 Minn. 325, 87 N. W. 923. Conditions subsequent are to be strictly construed and taken most strongly against the grantor to prevent a forfeiture of the estate. A forfeiture for a breach of a condition subsequent may be waived by acts as well as by express agreement, and once waived the grantor can never take advantage of it; but mere silence of the grantor after the breach is not sufficient to constitute a waiver of forfeiture. A waiver, however, may result from the failure of the grantor for an unreasonable time to act after knowledge of the breach, or where he consents to the breach. 13 Cyc. 689, 708; Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. 59; Maginnis v. Knickerbocker, 112 Wis. 385, 88 N. W. 300, 69 L. R. A. 833; Barrie v. Smith, 47 Mich. 130, 10 N. W. 168; notes to Cross v. Carson, 44 Am. Dec. 742, 746.

The sufficiency of the findings of the trial court to support its conclusions of law must be determined by the application of the elementary rules we have suggested. The plaintiff's first assignment of error is

to the effect that the court erred in finding that, by reason of a change in the use of his land on the west side of the strip of land conveyed, there was no necessity for maintaining the fence. The finding is of an evidentiary fact, which may or may not have been material on the issue whether the fence was removed and remained down with the consent of the plaintiff. It is an unnecessary finding, and perhaps an immaterial one; but it is not reversible error, for it is not essential to support the conclusions of law.

The second assignment of error is, in substance, that the court erred in finding that the plaintiff, at the time he served his notice, had waived his right under the contract to insist upon having the fence rebuilt by reason of his knowledge of and consent to its removal, and to its remaining down for more than twelve years. This finding is an inference of fact and law from the finding of the court that in the year 1888 the fence was entirely removed by the defendants with the full knowledge and consent of the plaintiff, and remained down with his knowledge and consent for some twelve years. This last finding is sufficient to support the inference of fact and law that the plaintiff had waived the forfeiture, for it does not rest upon his mere silent acquiescence, or upon his knowledge alone, but also upon his consent to the act and omission of the defendants in removing the fence and failing to rebuild it for twelve years. Clearly, if the defendants acted upon his consent, he waived the forfeiture. How such consent was given does not appear from the record, as the evidence was not brought up, and we must accept and act upon this specific finding of the ultimate fact that the plaintiff consented to the removal of the fence and to its remaining down.

The other assignments of error relate to the conclusions of law, and are to the effect that they are not supported by the facts found. They are correct, for they are a necessary conclusion from the facts found.

Judgment affirmed.