GOTHAM and another, Appellants, vs. WACHSMUTH LUMBER COMPANY, Respondent.

*February 24—March 17, 1914.*

*Sale of standing timber: Time for removal: Option for extension, when to be exercised: Reasonable time.*

1. In a conveyance of standing timber the purchaser was given the right to remove the timber within a certain time. Afterwards, by a contract with a grantee of the purchaser, the landowner agreed that the time for removal might, at the option of the said grantee, be extended yearly until the timber was removed, upon payment of $50 per year; and said grantee agreed to pay all taxes on the land until notice of removal of the timber should be given to the landowner. *Held,* that such option, being coupled with the obligation to pay taxes, was not a mere naked option, and since no time for its exercise was specified it might be exercised and the money paid within a reasonable time after the expiration of the right to remove.
2. An exercise of such option within eleven days after the expiration of the right to remove the timber was within a reasonable time.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Suit in equity to quiet the right of the defendant to remove timber standing on plaintiffs' lands. In January, 1903, the plaintiff *Gotham,* who was the owner of the lands in question, sold and conveyed the timber thereon to one Connor, giving the grantee the right to remove the same to January 15, 1909. The full consideration for the timber has been paid. In Feb-

ruary, 1903, Connor conveyed the timber and the right of removal of the same to the Red Cliff Lumber Company. The grantees agreed to pay one half the taxes on the land until timber was removed. September 29, 1907, the Red Cliff Lumber Company entered into a written contract with *Gotham* providing for a further extension of the right of removal of timber to June 1, 1910. The contract also provided that *Gotham* "does hereby further agree to and with said Red Cliff Lumber Company that the right of removing said timber may, at the option of said Red Cliff Lumber Company, be extended yearly until said timber is removed upon the payment of fifty dollars per year, or any fraction thereof, and in addition to the payments hereinbefore agreed, the said Red Cliff Lumber Company hereby covenants and agrees to pay all taxes assessed against said premises, including the taxes of 1907, until notice of the removal of said timber is given to the said *Henry E. Gotham,* providing further that in order to be released of the payment of the taxes, for the then current year, said notice shall be given on or before the first day of May of said year."

The Red Cliff Lumber Company extended the time for removal of the timber to June 1, 1911, by the payment, on or about October 25, 1910, of $50, and to June 1, 1912, by the payment of $50 on or about May 25, 1911, and paid the taxes. In January, 1912, it sold all its title in and to the timber and right to remove the same to the defendant herein. On June 11, 1912, the defendant tendered to the plaintiff *Gotham* the sum of $50 for a further extension of right to remove the timber till June 1, 1913, which tender was and since has been refused. The defendant gave no notice to be released from the payment of taxes for 1912.

The lands are vacant and unoccupied, and the plaintiff *Alvord* acquired his interest in them in October, 1912, with notice of all the rights of the defendant. Neither of the plaintiffs intended to make any use of the lands during the year

ending June 1, 1913. The value of the timber still uncut is $2,400.

The trial court held the defendant had a right to an extension of the time for the removal of the timber, and that the tender of $50 on June 11, 1912, was timely and operated to extend the time of removal to June 1, 1913, and entered judgment dismissing the complaint, from which judgment the plaintiffs appealed.

*A. W. McLeod,* for the appellants.

For the respondent there was a brief by *John J. Fisher* and *Lamoreux & Cate,* and oral argument by *C. A. Lamoreux.*

VINJE, J. Did the trial court err in holding that defendant had the right, June 11, 1912, to extend the time for the removal of the timber to June 1, 1913, by the payment of $50? Plaintiffs claim the right to extend was an option, and that, unless it was exercised within the time limited, it was waived, and cite *Bateman v. Kramer L. Co.* 154 N. C. 248, 70 S. E. 474; *Powers v. Angola L. Co.* 154 N. C. 405, 70 S. E. 629; and *Norfolk L. Co. v. Smith,* 150 N. C. 253, 63 S. E. 954, as particularly applicable. The wording of the options in the North Carolina cases differs materially from that which we have before us, and the facts and circumstances under which removal was sought vary, so the cases are not helpful. This option does not provide within what time it must be exercised, nor when the $50 per year shall be paid. Neither is it a mere naked option, for it is coupled with the duty on the part of the defendant to pay taxes on the lands till it gives the required notice to be relieved therefrom. So it cannot be said from the whole agreement that a definite time for the exercise of the option is expressed therein. Time of payment was not made the essence of the contract by its terms, nor did the parties so treat it, for in 1910 the payment was not made till October, and in 1911 it was made in May. The

right to remove the timber expired June 1, 1912, and in the absence of a provision in the agreement for a specific time within which the option to extend should be exercised and the money paid, it is sufficient if it be exercised within a reasonable time after the right to remove expires. *Western L. & C. Co. v. Copper River L. Co.* 138 Wis. 404, 414, 120 N. W. 277. The court found that an exercise of it within eleven days was within a reasonable time. We concur in that result.

*By the Court.*—Judgment affirmed.