## WILLIAM FURST, AS TRUSTEE OF THE ESTATE OF JOSEPH E. LACHER, BANKRUPT v. ANNIE LACHER AND ANOTHER.[1]

### May 6, 1921.

### No. 22,218.

**Deed — condition subsequent.**

> The rule that conditions embodied in a conveyance of real property will be strictly construed, applied. *Held* that, the intent of the parties being clear, their rights and liabilities will be determined and enforced as in other contracts, and that the provisions under consideration created a condition subsequent.

Action in the district court for Hennepin county to adjudge the conveyance described at the beginning of the opinion null and void and the property described therein a part of the estate of the bankrupt. The case was tried upon stipulated facts before Molyneaux, J., who made findings and ordered judgment dismissing the action with prejudice. From the judgment dismissing the action, plaintiff appealed. Affirmed.

*Robert M. Works,* for appellant.

*John N. Berg,* for respondents.

[1]Reported in 182 N. W. 720.

QUINN, J.

The facts in this action were stipulated by the litigants. Defendants Joseph J. and Annie Lacher are husband and wife and the parents of Joseph E. Lacher. On April 4, 1911, Annie Lacher, being the owner in fee of lots 14, 15 and 16 in block 4, in New Wayzata, in Hennepin county, Minnesota, her husband joining, conveyed, by warranty deed in the usual form, the above described lots to their son, Joseph E. Lacher, without any consideration passing between them therefor. The lots were and ever have been vacant and unoccupied. The deed was duly recorded on April 13, 1911, in the office of the register of deeds in and for Hennepin county, in book 703 of deeds on page 136. Following the description of the lots in the deed appears the following:

"This conveyance is made subject to the following agreement, to-wit: It is agreed and understood by and between the parties herein named that the above described property shall not be sold or conveyed or in any manner whatsoever encumbered, during the lifetime of either of the grantors herein named. And should the Grantee herein named sell, convey or in any manner whatsoever encumber the above described property before the death of either of the Grantors herein named, then and in that case this conveyance shall be null and void and the title to the aforesaid parcels of land shall revert to and be vested in said Annie Lacher, her heirs or assigns."

Having become insolvent, Joseph E. Lacher, on May 23, 1917, executed and delivered to his mother a quitclaim deed of said lots, without any consideration passing therefor, which deed was duly recorded on May 24, 1917. The lots were of the value of $200, and Lacher's estate was not sufficient to pay the claims of his creditors. On June 5, 1917, Lacher executed and delivered to John P. Galbraith an assignment of all his property for the benefit of his creditors.

This action was brought by the trustee in bankruptcy, to have the conveyance from Joseph E. Lacher to his mother, Annie Lacher, adjudged null and void, the lots therein described adjudged to be a part of the estate of the bankrupt and the same sold as provided by law, and for such other and further relief as may seem equitable. A trial was had in the district court before the judge without a jury. Findings were made and judgment ordered against the plaintiff and in favor of defendants

for their costs and disbursements. Judgment was accordingly entered, from which plaintiff appealed.

It is contended on behalf of appellant that the clause in the deed from the defendants to their son, Joseph E. Lacher, restraining the power of alienation of the property described in the deed, was void, and that the deed operated as an absolute conveyance free from any restraint on the grantee's power of alienation, and that therefore the deed from the son to his mother at a time when he was insolvent, without consideration, was void as to his creditors. It is conceded that if the provision in the deed, restraining the grantee from selling or encumbering the property, is valid, then plaintiff has no right to recover. The contention on behalf of defendants is that the restriction in the deed is a condition subsequent upon the happening of which the title will be defeated.

The language in the condition contained in the deed under consideration is plain and unequivocal. It provides that the property conveyed shall not be sold, conveyed or encumbered during the life of either of the grantors, and that, if the grantee shall sell, convey or encumber the same before the death of either of the grantors, the conveyance shall be void and the title to the land shall revert to and be vested in the grantor, her heirs or assigns. Where the intent of the parties is clear, their rights and liabilities in respect to the conditions are determined and enforced as in other contracts. Hamel v. Minneapolis, St. P. & S. S. M. Ry. Co. 97 Minn. 334, 107 N. W. 139. There can be no doubt about the intent and purpose of the parties to the deed and the provision contained therein.

We hold that the provision under consideration created in law a condition subsequent, and, if the grantee failed to comply therewith, the title would revert. While conditions subsequent, which result in a forfeiture upon failure to perform, are not favored, and are strictly construed, they must be upheld, when clearly expressed and not impossible of performance. Hamel v. Minneapolis, St. P. & S. S. M. Ry. Co. supra; Farnham v. Thompson, 34 Minn. 330, 337, 26 N. W. 9, 57 Am. Rep. 59; Minneapolis T. M. Co. v. Hanson, 101 Minn. 260, 112 N. W. 217, 118 Am. St. 623. The trial court correctly held that the provision in the deed under consideration was a condition subsequent and that the plaintiff is not entitled to recover.

Judgment affirmed.