Martin vs. Clark.

---

## Martin, Appellant, vs. Clark, Respondent.

*September 26 — October 15, 1901.*

*Stipulation of facts: Construction: Right to cut standing timber: License or grant of interest in land? Laws of another state: New trial: Newly discovered evidence.*

1. In an action involving the title to timber claimed by each party under a separate grant from the same grantor, a statement in a stipulation of facts, that the second grantee purchased the right to cut the timber in question without notice of the first grant, when construed in connection with other statements relating to the recording of the first grant and its effect as constructive notice, is *held* not to have been intended to take out of the case the question of constructive notice.

2. Under the laws of Minnesota as declared in *Pine Co. v. Tozer,* 56 Minn. 288, a grant giving to the grantee the right, for a long period of time, to enter upon, cut, and remove, and when so cut and removed to own, control, and possess, all the merchantable pine

timber growing upon certain lands, is a conditional sale of stand-
ing timber and a conveyance of an interest in real estate, and not
a mere naked license revocable at pleasure.

3. Except in case of a clear abuse of judicial discretion, an order grant-
ing a new trial because of newly discovered evidence will not be
disturbed on the ground that the excuse given for not producing
such evidence upon the trial was insufficient.

APPEAL from an order of the superior court of Douglas
county: CHARLES SMITH, Judge.    *Affirmed.*

On December 14, 1880, the St. Paul & Duluth Railroad
Company, by a writing duly executed so as to pass title but
not so as to entitle the same to be recorded under the laws
of the state of Minnesota, in consideration of $3,046.16 in
its preferred stock, conveyed to one Miller the right to cut
and remove from certain land owned by said company, lo-
cated in the state of Minnesota, the pine timber growing
thereon, and to become the owner thereof as fast as severed
from the land, but with the express condition that the tim-
ber should be cut prior to May 1, 1899, and that the grantee
should have no right to remove any timber or logs from the
land after that date.    The writing was recorded in the office
of the register of deeds of the proper county.    June 27, 1882,
and prior to the date of the second grant hereafter men-
tioned, said record was validated by the laws of the state
of Minnesota and made constructive notice to subsequent
purchasers of the land or any interest therein.    April 14,
1898, the railroad company, in consideration of $250, by a
writing duly executed, attempted to convey to Anna Dumas
the privilege, till May 1, 1899, of cutting and removing the
pine timber from such land.    A quantity of timber was
cut and removed under the second grant and was there-
after taken possession of by defendant, claiming title thereto
under the prior grant, he having become the owner of what-
ever rights were conveyed by the railroad company to
Miller.    When this action was commenced defendant owned
all right to the logs in question that could be acquired under

the first grant, and plaintiff all the right that could be acquired under the second grant. Plaintiff's right to the logs depended upon whether the grant to Dumas superseded the prior grant, either because the latter was a mere license and was revoked by the former, or because, if it was a conveyance of an interest in land, it was not effective as against Dumas because the second grant was made without notice to the grantee of the existence of the prior grant.

On the trial the parties stipulated, in effect, that if the first grant was in force when the timber was cut defendant was entitled to recover unless plaintiff was protected by the fact that Dumas purchased the right to take the timber from the land without notice of the grant to Miller. They also stipulated that the conveyance to Miller was recorded as above stated, and that facts existed requisite to entitle plaintiff to recover if the Miller grant was superseded by the grant to Dumas. It was stated in the stipulation that the timber was cut in good faith under the second grant without notice of the first grant. It was also stipulated that the parties might read as proof in the case such laws of the state of Minnesota and opinions and decisions of its supreme court as were applicable. Pursuant to such stipulation laws of the state of Minnesota were read in evidence, validating the record of the conveyance to Miller so as to make it constructive notice of such conveyance to subsequent purchasers of the land described therein prior to the grant to Dumas.

Judgment was rendered in favor of plaintiff. Seasonably thereafter a motion was made to set aside the judgment and for a new trial on the ground of newly discovered evidence. The newly discovered evidence relied upon was the decision of the supreme court of Minnesota in *Pine Co. v. Tozer*, 56 Minn. 288. In support of the motion affidavits were read excusing the failure of respondent's attorneys to bring such

Martin vs. Clark.

decision to the attention of the court upon the trial. The motion was granted and plaintiff appealed.

For the appellant there was a brief by *J. A. Murphy* and *W. M. Steele*, and oral argument by *Mr. Steele*.

For the respondent there was a brief by *Ross, Dwyer & Hile*, and oral argument by *W. D. Dwyer*.

MARSHALL, J. It is evident that the court considered the stipulation, that Dumas purchased the right to cut the timber in question without notice of the prior grant to Miller, as meaning that Dumas had no actual notice of such grant; that it was not intended by the parties to the stipulation to take out of the case the question of whether the purchase was made with constructive notice of such grant by reason of the record of the instrument under which Miller claimed and the law of Minnesota validating it. That construction seems reasonable, inasmuch as the parties were particular to state, as part of their stipulation, facts as to the record. Unless it was intended by defendant's counsel to rely on constructive notice of the Miller conveyance, basing such reliance on the law of the state of Minnesota validating the record thereof, the facts as to the record itself were entirely immaterial: there was no necessity whatever for bringing them to the attention of the court.

It is conceded that the case is governed by the law of the state of Minnesota, but appellant insists that it was error to grant the new trial to enable counsel for respondent to put in evidence and have considered the decision of the supreme court of such state in *Pine Co. v. Tozer*, 56 Minn. 288, because such decision would not change the result of which defendant complained. That depends upon whether the court decided in such case that an instrument similar to the one in question is a conveyance of an interest in land and not a mere revocable license. A careful reading of the opin-

Martin vs. Clark.

ion satisfies us that the court there had under consideration a contract substantially like the one in question and held that the grantee therein was not a mere licensee; that he was a conditional owner of the standing timber; that he obtained by his grant the absolute right to take such timber from the land and to own the logs made therefrom on condition that the cutting and removal of the timber should take place within the time named in the grant. The court called attention to these features of the grant: The grantee obtained the right for a long period of time to cut and remove the timber. He obtained such possession of the land as was necessary to enjoy the principal thing granted. He paid a large sum of money in advance of the time when it was contemplated by the parties to the grant that the right to cut the timber should be exercised. He paid for and was granted things annexed to the freehold, with a right to the soil for the purpose of the growth of the granted things till they were severed from the soil. Under such circumstances the court said the grantees "had undoubtedly an interest which would have been subject to seizure and sale upon execution, not as personalty, but as real estate. Their interest was not that of a licensee,— simply to go upon and occupy the land and cut and remove timber until the license was revoked; but there was a valid grant of the right and privilege of occupying the land and cutting and removing the timber, a part of the realty, which, when severed, would become personalty. They had acquired rights which could not be taken away from them. If what they held under these contracts was not an interest or estate in real property it is difficult to conceive an interest or estate, less than a fee, which would be." When we consider the significant words of the agreement which the court there had under consideration, and those in the grant to Miller, the applicability of the language quoted to the facts of this case is clear. Here the words of the grant are: "The right, privilege, and permis-

sion to enter upon, cut, and remove previous to May first, 1899 [a period of about nineteen years], and when so cut and removed to own, control, and possess all the pine timber fit for saw logs growing upon," etc. There the language of the agreement was: "The right, privilege, and permission to enter upon said lands and cut and remove said timber at any time previous to the first day of May, 1899," a period of about eighteen years, "all of the pine timber, fit for merchantable saw logs, standing, growing, or being upon," etc., "and when so cut and removed . . . to control, own, and possess said timber." The granting clause in each instrument is followed by language to the effect that the timber when cut from the land should be the property of the grantee. The effect of the decision clearly is that in Minnesota such a contract as the one under consideration is not a mere naked license which can be revoked at pleasure before its execution, but is a license coupled with an interest in the thing, the real estate,—in effect, a conditional sale of standing timber. That is contrary to what the trial court understood the law of Minnesota to be when the judgment was rendered, and contrary, rather than in addition, to the evidence that was then before the court. It was, therefore, rightly decided on the motion that, had the evidence as to the true state of the law of Minnesota been produced upon the trial, the result might or would have been different.

It is strongly urged by counsel for appellant that no sufficient excuse was given upon the motion to vacate the judgment for not bringing the newly discovered evidence to the attention of the court upon the trial. The decision of the court below upon that point cannot be disturbed except for clear abuse of judicial discretion. We do not deem it necessary to discuss at length the affidavits presented to excuse the failure to discover the evidence in time for the trial. To our minds they are at least sufficient to preclude us from

holding that there was an abuse of judicial power in treating them as satisfactorily excusing the neglect of counsel and warranting the relief granted.

*By the Court.*— The order appealed from is affirmed.