J. NEILS LUMBER COMPANY v. WILLIAM M. HINES.[1]

December 23, 1904.

Nos. 14,048—(142).

**Conveyance of Standing Timber.**

A purchaser of standing timber for a valuable consideration from the owner of the land acquires a vested interest in such land when the transfer is evidenced by a duly executed instrument transferring the same, and authorizing said purchaser to cut and remove the timber within a fixed time. The same rules as to recording such instruments apply as in other conveyances of real estate.

**Right of Subsequent Purchaser.**

A person purchasing land after the execution by the owner of an instrument conveying the timber thereon to a third person, and who enters into possession prior to the cutting of the timber, without actual or constructive notice of such sale, acquires a paramount interest in such timber.

**Assignment of Error.**

An assignment of error to the effect that the court erred in overruling plaintiff's motion for a new trial is insufficient to present for review the question whether the evidence sustains the findings of the trial court.

Action in the district court for Beltrami county to recover possession of certain saw logs or $800, the value thereof, in case recovery could not be had. The case was tried before Spooner, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Ripley & Lum* and *J. F. Gibbons,* for appellant.

*E. F. Crawford,* for respondent.

DOUGLAS, J.

This action involved the ownership of certain logs cut by plaintiff's assignor under a contract of sale of standing timber made with the owner of the land. The instrument recited that the full consideration had been paid. By the terms of said contract the right to cut certain timber on the land expired May 1, 1900; but on June 28, 1899, the con-

[1] Reported in 101 N. W. 959.

tract was by a written instrument extended, and authority conferred to cut and remove such timber at any time prior to May 1, 1902. The original contract was recorded in the office of the register of deeds, but the extension agreement was not. On July 31, 1899, the owner of said land entered into a written contract with defendant's assignor to sell the same, and on July 31, 1902, pursuant to and in compliance with the terms thereof, conveyed it to him. Said contract was never recorded. The logs in question were severed from the land in February, 1902, under the authority conferred by said unrecorded timber contract, but were not otherwise removed prior to May 1. It appears defendant and his assignors bought said land without notice that the timber contract had been extended; also that plaintiff and its assignors cut such timber without actual notice of the sale of the land.

Contracts for the sale of standing timber, similar in form to that under consideration, were before the court in the following cases, wherein the rule was settled that such a purchaser thereby obtained a vested interest in the land. The timber had been paid for, and it follows, as between the parties thereto, the grantee would be authorized to cut and remove the same at any time before the authority to do so, under the terms of said contract, expired. Pine County v. Tozer, 56 Minn. 288, 57 N. W. 796; Clark v. B. B. Richards Lumber Co., 68 Minn. 282, 71 N. W. 389; Martin v. Clark, 111 Wis. 493, 87 N. W. 451.

Standing timber being as much a part of the realty as the soil itself, or stone in a quarry, the same rules as to recording contracts of sale apply as in other conveyances of real estate. The respective conveyances being of like standing as between the common grantor and the grantees, and neither instrument upon which the rights of the grantees are predicated having been recorded, their rights must be determined from the action of the parties occurring subsequently to the making of such conveyances. The trial court determined in its findings of fact that defendant has been in the possession of the lands in question since January 1, 1902. This being taken as true, it follows that the cutting of timber by plaintiff or its grantors was done with constructive notice of defendant's rights.

Plaintiff, in its assignment of error, barely charges that the court erred in denying its motion for a new trial. The sufficiency of the

evidence to support the findings of the trial court in any given particular was not assigned. Therefore, under a uniform line of decisions of this court, unless the rule is relaxed, we are not at liberty to inquire whether such findings of fact are supported by the evidence. Wilson v. Minnesota Farmers' Mut. Fire Ins. Assn., 36 Minn. 112, 30 N. W. 401; Duncan v. Kohler, 37 Minn. 379, 34 N. W. 594; Smith v. Kipp, 49 Minn. 119, 51 N. W. 656; Thiele v. Berge, 81 Minn. 505, 84 N. W. 320. Assuming the facts to be as found, defendant entered into possession of the land conveyed prior to the cutting of the timber thereon by appellant's grantor, and his rights thereto are paramount to those of appellant.

Speaking for myself, where it is apparent at a glance that the evidence in a material particular clearly fails to support the findings of the trial court, and the neglect of counsel properly to assign error operates to work a grave injustice to litigants, the rule invoked should, in my judgment, be relaxed, particularly where the questions are fully discussed in the brief served.

The sufficiency of the assignments herein arose upon the argument, but counsel did not move to amend them.

We are of the opinion the conclusions of law are supported by the findings of fact, and that the trial court did not err in any matter assigned as error.

Order affirmed.