## GULLEDGE BROTHERS LUMBER COMPANY v. WENATCHEE LAND COMPANY.[1]

July 15, 1910.

Nos. 16,627—(212).

**Liability on contract remains after conveyance of land affected.**

The conveyance of the land by the owner, who had previously entered into a contract with another for the logging of the standing timber, did not relieve the vendor from liability for damages for having violated the terms of the logging contract; and a decree entered in an action subsequently brought by the vendee, to the effect that the logging contractor had no interest in the land, was not a bar to an action for damages by such contractor against the vendor.

**Cause of action stated.**

The complaint states facts sufficient to constitute a cause of action.

Action in the district court for Hennepin county to recover $50,000 damages for breach of contract to sell standing timber.

The logging contract mentioned in the opinion required the parties of the second part, inter alia, to build a sawmill before May 1, 1903, with a capacity of cutting not less than 50,000 feet of tim-

[1]Reported in 127 N. W. 395, 923.

ber per day; prior to November 1, 1903, to cut and remove from the land and manufacture into timber at least twelve million feet of logs and the same quantity annually thereafter; to pay $7,500 at the execution of the contract, receipt of which was acknowledged, and on November 1 of each year to pay one dollar per thousand feet of lumber and logs so cut and removed from the land during the twelve months preceding, it being agreed that not less than $12,000 should be paid in any year, and to pay all taxes on the land; and the defendant in this action warranted "that it has good title to the said lands and timber and that it will defend the said second parties as against all persons having any lawful claim against the same."

Exhibit 4 mentioned in the opinion was a contract between plaintiff and defendant dated September 11, 1903, by the terms of which defendant accepted and recognized plaintiff as the successor in interest of the Gulledges to the contract mentioned in the opinion and plaintiff assumed and agreed to carry out the terms of that contract.

The complaint, in addition to the averments mentioned in the opinion, alleged that plaintiff and its assignors had paid certain sums in the year 1903 for taxes on the land; that before May 1, 1903, they began the erection of a sawmill, made contracts for the same, employed a surveyor, engineer and architect to make plans for the same with a capacity of not less than 50,000 feet per day and expended $1,000 on the work; that the sawmill was not completed because defendant was unable to carry out its agreement, and that plaintiff performed all the conditions of the contract on its part as fully as it was able to perform them, except that no further payments were made on the contract; that upon the date of the execution and delivery of the contract, of which exhibit 4 is a true copy, defendant did not have, never has had and has not now a good title to the timber on said land.

The answer, in addition to what is stated in the opinion, for a further defense alleged that the cause of action arose and accrued more than six years prior to the commencement of the action. Plaintiff demurred to that part of the answer set forth in the opinion on the ground that the answer did not contain facts sufficient to con-

stitute a defense. From an order sustaining the demurrer and overruling defendant's objection to the complaint, Simpson, J., it appealed. Affirmed.

*Arthur W. Selover,* for appellant.

*Jay W. Crane,* for respondent.

LEWIS, J.

The complaint states that on October 13, 1902, appellant company executed and delivered to William T. Gulledge and Richmond E. Gulledge a written contract, whereby they promised to sell and convey to them the merchantable timber standing upon certain lands in the state of Washington, purchased by appellant from the Northern Pacific Railroad Company; that such contract was afterwards assigned to respondent, the Gulledge Brothers Lumber Company, a corporation; that ever since February 24, 1903, appellant has been wholly unable to convey a good title to the timber, for the reason that the same became incumbered by a writ of attachment in an action by certain parties against appellant company, then pending in the courts in the state of Washington, to recover $150,000, which terminated in a judgment against appellant, duly entered November 1, 1907, for $90,000, and that an execution was issued and levied against the lands, and the same were sold to satisfy the judgment; that by reason of the levy of attachment, and the execution and sale, appellant was unable to make good title to the timber, and was unable to deliver it, or to enable respondent to enter upon the lands and remove the same. The answer put in issue many of the allegations of the complaint, and among other things alleged that on April 14, 1909, appellant sold and conveyed the lands to the Columbia River Lumber Company, a corporation, which company commenced an action in 1909 against respondent in the superior court in the state of Washington, wherein respondent appeared generally; that the court had jurisdiction of the parties and of the subject-matter; and that the action resulted in the making of findings of fact and conclusions of law and the entering of a decree to the effect that respondent had no right, title, or interest in or to any of the lands. To this part of the answer respondent demurred, upon

the ground that it did not state facts sufficient to constitute a defense, and the trial court sustained the demurrer.

1. We are satisfied that the demurrer to the answer was properly sustained. Assuming, for the present, that the attachment levied in 1903, ending in a judgment and sale of the property, constituted a breach of the contract, which justified respondent in repudiating it and in looking to appellant for damages, appellant's liability for that breach was not released or transferred by the conveyance of the lands in question to the Columbia River Lumber Company. The action brought by the Columbia Company against respondent, and all others interested in the lands, for the purpose of quieting title, did not necessarily involve or dispose of the issues presented in the present action.

2. However, appellant argues that the complaint does not state facts sufficient to constitute a cause of action, for the reason that it does not appear that any breach of the contract ever occurred, and that it does appear that respondent was in default in making payments under the contract, and that a tender of performance is not pleaded, and consequently respondent has no standing to maintain this action. Further, it is argued that it conclusively appears from the complaint that this action was not commenced within six years from the date of the alleged breach by appellant.

In determining these several questions, we decline to follow appellant through the minute examination of the complaint and various exhibits attached. In testing the sufficiency of a pleading on demurrer, liberal construction is the rule. The contracts involved require the building of a mill by respondent and the cutting of a large amount of timber. The complaint states that the attachment levied in 1903 was for the sum of $150,000, and that it terminated in a judgment of $90,000 and a sale of the premises in 1907. Whatever may be the facts, it certainly does not conclusively appear from the complaint and the exhibits that the attachment, judgment, and sale of the land did not interfere with the performance of the contract by appellant. The first step was the filing of the attachment; but it was permitted to result in a judgment and sale in 1907. If true that the title was incumbered and transferred by sale, respondent was not required

to keep on cutting timber or making payments. Ordinarily a transfer of the interest of the vendor to a third party may not constitute such a breach of the contract as to warrant the vendee in repudiating it; but it sufficiently appears from the facts presented in this complaint that respondent was not required to pursue its rights under the contract, build its mill, make payments, and take the chances of securing the timber, notwithstanding it had been sold under judgment.

What we have just said sufficiently answers the objection that it appears from the face of the complaint that the present action was not brought within six years from the time of the breach of contract. Appellant's breach was not necessarily complete on the filing of the attachment February 24, 1903. The complaint alleges that during December, 1903, respondent made a payment of twenty dollars on the contract, which would be within six years from the time of the commencement of this action. This was equivalent to an allegation that the money was received by appellant as a recognition of the existence of the contract at that time, and implied that up to that time at least neither party considered that the other had repudiated it.

Affirmed.

On October 14, 1910, the following opinion was filed:

PER CURIAM.

On the reargument appellant vigorously urged that from the facts stated in the complaint it appeared that respondent was estopped from maintaining this action for the reason that it entered into the contract, exhibit 4, more than six months subsequent to the time the attachment was levied, and made no claim that the attachment constituted a breach of its contract.

As stated in the original opinion the filing of the attachment was the first step, but did not terminate in a judgment and sale until 1907, and we are unable to agree with appellant that the breach consisted alone in the filing of the attachment, and that the execution of exhibit 4 was a complete waiver. But, conceding that the attach-

ment proceedings vested in respondent the right of rescission, we do not now definitely determine whether that company waived or released its right of action by not acting and declaring a rescission within a reasonable time.

The decision is adhered to.