# GULLEDGE BROTHERS LUMBER COMPANY v. WENATCHEE LAND COMPANY.[1]

June 21, 1912.

Nos. 17,580—(146).

**Dissolution of corporation — motion to strike out complaint and reply.**
    *Held,* that the trial court erred, for reasons stated in the opinion, in granting defendant's motion to strike the complaint and reply herein from the files on the ground that the plaintiff corporation had been dissolved.

After the former appeal reported in 115 Minn. 491, 132 N. W. 992, the complaint was again amended, an answer to it was served, and a reply to the answer. From an order, Holt, J., striking from the files the third amended complaint, the answer thereto, and the reply, plaintiff appealed. Reversed.

*Jay W. Crane,* for appellant.
*Arthur W. Selover* and *Brooks & Jamison,* for respondent.

Start, C. J.
    Appeal from an order of the district court of the county of Hennepin striking from the files and records of the court the third amended complaint, the answer thereto, and the reply.
    This is the third appeal in this case. See 111 Minn. 418, 127 N. W. 395, 923, and 115 Minn. 491, 132 N. W. 992. The action was commenced June 4, 1909, and is one brought by an alleged corporation organized under the laws of the state of Washington to recover damages for the alleged breach of a contract, whereby the defendant corporation agreed to sell and convey to the plaintiff the merchantable timber standing upon certain lands in the state of Washington. The first appeal was by the defendant from an order sustaining a demurrer to a part of its answer. The defendant on such appeal challenged the sufficiency of the complaint, but it was

[1] Reported in 136 N. W. 738.
    118 M.—18.

held by this court that it stated facts sufficient to constitute a cause of action, and the order was affirmed. The plaintiff, after the remand of the cause on the first appeal, and on December 22, 1910, amended its complaint, which is designated in the record as the third amended complaint, and is the one which the trial court ordered to be stricken from the files.

The defendant served its answer to this complaint, denying the allegations thereof, except as admitted in the answer, and further alleged, as a matter in abatement of the action, in effect that the plaintiff had failed to pay a corporation tax due to the state of Washington, and for that reason it had been stricken from the list of corporations by the Secretary of State, and dissolved. The answer set out the laws of the state of Washington in detail. The plaintiff, on January 28, 1911, served its reply, which put in issue the matters alleged in the answer in abatement.

On March 6, 1911, and after the cause had been noticed for trial, the defendant made a motion to strike from the files the third amended complaint, the reply, and the notice of trial and note of issue, on the sole ground that the alleged plaintiff corporation became entirely extinct on the twenty-third day of February, 1910, and that such papers were filed and served absolutely and entirely without warrant of law, and are nullities. The trial court granted the motion, and ordered the complaint, answer, and reply stricken from the files, upon this ground, we must assume, as the record discloses no other basis for granting it. What the statutory law of the state of Washington here relevant was, was a question of fact, and was put in issue by the reply, and the motion in legal effect was one to strike out the reply as sham; for, unless it was false, there could be no basis for striking out the complaint, answer, and reply, the result of which would necessarily be the dismissal of the action.

It is not claimed by the notice of motion that the plaintiff was dissolved prior to February 23, 1910; hence it must be assumed that the action was properly commenced on June 4, 1909, and was pending at the time of the alleged dissolution. But if it was then dissolved it may be conceded for the purposes of this appeal that the subsequent pleadings made and served on its behalf were un-

authorized. To justify the order appealed from, which practically
disposed of the action summarily on motion, it must clearly and in-
disputably appear from the record that the laws of the state of
Washington and the acts of the plaintiff corporation were such that
the legal conclusion necessarily follows therefrom that the plain-
tiff was dissolved as claimed. We are satisfied, upon a consideration
of the record, that it does not thus clearly show that the plaintiff
was dissolved, and that the order appealed from must be reversed.

A decision of the Supreme Court of Washington construing the
statutes of that state here in question, seems to indicate that the
corporation plaintiff was not dissolved as claimed. See State v.
Howell, 67 Wash. 377, 121 Pac. 861. The trial judge making the
order appealed from did not have the benefit of this decision, in
determining the fact as to the statutory law of Washington, as it
was handed down after the order was made.

Order reversed.

HOLT, J., took no part.