GULLEDGE BROTHERS LUMBER COMPANY v.
WENATCHEE LAND COMPANY.[1]

June 26, 1914.

Nos. 18,609—(153).

**Breach of contract — election between causes of action.**
1. Trial court *held* not to have abused its discretion in requiring plaintiff, in an action involving breach of contract, to elect to proceed either for rescission or to recover damages.

**Construction of timber contract.**
2. A written contract, whereby the equitable owner of timber lands under contract of sale undertook to sell the timber, *held* to constitute a sale of the timber, which was not reduced to a mere license or right to cut by a restriction, contained in the land contract, against alienation of less than the whole of the contract or the land or without the vendor's approval; and hence the estate and rights of the timber vendee, its contract being of record, were not affected by subsequent attachment and *lis pendens* against the interest of the timber vendor, nor by the latter's subsequent assignment of its land contract and conveyances of the land, such, therefore, not constituting breaches of the timber sale contract.

[1] Reported in 148 N. W. 43.

Action in the district court for Hennepin county to recover $50,-000 for breach of contract to sell standing timber in the state of Washington. The former appeals in this action are reported in 111 Minn. 418, 127 N. W. 395, 923; 115 Minn. 491, 132 N. W. 992, 118 Minn. 273, 136 N. W. 738, and 122 Minn. 266, 142 N. W. 305. The case was tried before Steele, J., who at the close of plaintiff's case granted defendant's motion to dismiss the action. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Jay W. Crane,* for appellant.

*Arthur W. Selover* and *Brooks & Jamison,* for respondent.

PHILIP E. BROWN, J.

Plaintiff appealed from an order denying a new trial, after dismissal by the court on the trial for failure of proof.

The action was to recover damages for breach of contract relating to sale of standing timber. Defendant offered no proofs, and the facts established by plaintiff here material, all of which were germane under the pleadings, may thus be stated:

On May 6, 1902, the Northern Pacific Railway Co. contracted to sell to one Sargeant, 52,000 acres of timber land in the state of Washington, agreeing to deed to him upon his later making specified deferred payments. This contract contained the following provision:

"No assignment or transfer of any interest of, or in, this agreement or said premises, less than the whole, will be recognized by said party of the first part under any circumstances, or in any event whatever, and no assignment shall be binding upon the company unless approved by its assistant land commissioner."

Sargeant assigned the same, and through various mesne transfers defendant succeeded thereto prior to October 13, 1902, on which date it and plaintiff's predecessors entered into the contract upon which this action is predicated. By it defendant sold to plaintiff's assignors all merchantable timber standing on the land, together with the right of removal. The vendee paid $7,500 cash, agreed to establish a mill on or before May 1, 1903, and that it would also, prior to November 1, 1903, and annually thereafter, cut and remove from the land

126 M.—12.

and manufacture into lumber a specified amount of timber. They were to complete the cutting and manufacture of all merchantable timber upon the land within 25 years from the date of the instrument, and to pay on November 1 of each year one dollar per thousand feet of timber removed during the same, but not less than $12,-000 a year to be paid. They also agreed to pay taxes on the land during the term of the contract. Later, on December 6, 1902, the parties to this contract entered into a supplemental agreement, wherein the vendees were required, on or before March 1, 1903, and on or before December 1 of each year thereafter, to notify defendant of the sections of land they desired to cut over during the succeeding logging season, whereupon defendant was to pay the railway company and obtain deeds therefor, but if, after such notice, defendant failed so to do, the vendees were authorized to pay and cause the deeds to be executed. On December 24, 1902, both contracts were duly recorded in the county where the land was situated, the vendees prior thereto having assigned the same to plaintiff. On February 24, 1903, an action against defendant was commenced by land brokers to recover damages for loss of commissions, and an attachment was duly levied upon defendant's interest in the land covered by the contract, and such interest remained under the lien thereof until November 21, 1908. On the day of the attachment a *lis pendens* in the action was duly filed, covering all right, title, interest, estate, and claim of defendant to the same real estate. During the spring and summer of 1903, the vendees did some preliminary work anticipatory of carrying out the contract, expending therein about $1,000, and in May and December, 1903, paid taxes amounting to $387.50, but built no mill, cut no timber at any time, and never specified the sections of land they desired to cut over. On June 16, 1904, defendant assigned the contract with the railway company to the Columbia River Lumber Co., which later, before October 5, 1908, reassigned the same to defendant. On the date last mentioned defendant mortgaged the lands for $20,000 to one Wellcome. On April 14, 1909, and after defendant had obtained a deed from the railway company, it conveyed the land to the Columbia River Lumber Co.

1. Plaintiff claims the court erred at the outset of the trial in re-

quiring it to elect to proceed either for rescission or to recover damages. This was largely a matter of discretion, in which we find no abuse. Moreover, in our view of the case the ruling was inconsequential.

2. Plaintiff's theory for recovery of damages was that the attachment proceedings, the assignment to the Columbia River Lumber Co., the mortgage to Wellcome, and the conveyance to the Columbia River Lumber Co., were severally breaches of the contract, entitling it to full damages, and, further, that in any event it was entitled, as for money had and received, to recover the $7,500 cash payment, its expenses incurred in preparation, and for taxes paid. Either claim must necessarily be founded upon some breach of the contract by defendant, and this pivots primarily on the proposition that, because of the restrictions on alienation contained in the excerpt quoted from the Sargeant contract, plaintiff acquired from defendant no title to the timber, but merely a license or right to cut which was rendered ineffectual by the attachment and other breaches assigned, whereby it was prevented from performing and thus suffered loss. We hold the contract one of sale, and not of license. Mathews v. Mulvey, 38 Minn. 342, 344, 37 N. W. 794; J. Neils Lumber Co. v. Hines, 93 Minn. 505, 101 N. W. 959; Clark v. B. B. Richards Lumber Co. 68 Minn. 282, 71 N. W. 389. The provision of the Sargeant contract cannot be given the effect claimed for it. Sargeant undoubtedly acquired the equitable title to the timber, and this passed to defendant, and in turn to plaintiff. See Johnson v. Eklund, 72 Minn. 195, 199, 75 N. W. 14; McPheeters v. Ronning, 95 Minn. 164, 103 N. W. 889; Grigg v. Landis, 21 N. J. Eq. 494. The evident purpose of the restriction was to prevent partial assignments of the contract and piecemeal transfers of the land, and not to restrict its development. Besides, plaintiff's contract did not contemplate acquisition by it of title to the land itself. Under plaintiff's theory, had defendant sold the wild grass growing on the property, such would have been invalid—a position manifestly untenable, yet on a parity with the present contention.

We hold that under the contract with defendant plaintiff acquired title to the timber. Nor was the action for commissions, with its at-

tendant attachment and *lis pendens*, a breach of the contract. They related merely to defendant's interest in the land after plaintiff's estate therein had been carved out, which latter, the contract creating it being of record, was not affected; nor were plaintiff's rights in performance interfered with. The same, furthermore, must, for the same reason, be said of the subsequent assignment and conveyances complained of. We find no breach of the contract on defendant's part.

Plaintiff relies largely on the opinion on a former appeal, holding its original complaint good on demurrer (See 111 Minn. 418, 127 N. W. 395, 923), the claim being that it established the law of the case. The gist of the holding there, however, was that it did not conclusively appear from the complaint that the attachment, judgment, and sale of the land in the broker's action did not interfere with plaintiff's performance of the contract, while it does now so appear from the proofs. Consequently what is said in the reported case is of no avail to plaintiff, and is not inconsistent with our determination.

Order affirmed.