NORTHERN LUMBER COMPANY v. GUST LUNDGREN.[1]

December 12, 1930.

Nos. 28,177, 28,178.

*Theodore Hollister* and *Lathers & Hoag,* for appellant.
*Fryberger, Fulton & Boyle,* for respondent.

OLSEN, J.

Appeal by defendant from two judgments. Two actions were brought to enjoin defendant from entering and trespassing upon

[1]Reported in 233 N. W. 593.

certain lands in St. Louis county. One action was commenced in 1927 and the other in 1929. They involve the same property and seek the same relief. The only difference we notice is that the first action does not definitely describe some portions of the land, and the second action contains allegations of trespasses claimed to have been committed after the first suit was commenced. The two actions were consolidated and tried together and may here be disposed of as one cause. Temporary injunctions were issued during the pendency of the suits. The court made findings and ordered judgments enjoining the defendant from entering upon the lands or any part thereof or cutting or removing any timber therefrom.

There is no settled case, and the question here is limited to an inquiry as to whether the findings of fact sustain the conclusions of law and the judgments entered.

The court found as facts that plaintiff was at all times the owner of the lands in question, together with all the timber lying, standing, or being thereon. This finding, with the further finding that defendant had committed repeated trespasses upon the lands, had threatened to continue such trespasses and to seize and remove logs and timber thereon, and to interfere with the operation of plaintiff's agents in cutting timber thereon, sufficiently sustains the court's conclusions of law and the judgments.

We are asked however to construe two documents, referred to in the findings of fact as plaintiff's exhibits A and B, and the case has been argued on that basis. It may be inferred that these documents were received in evidence, and we find them included in the judgment roll in one of the cases. Exhibit A is dated May 21, 1926, and recites that for and in consideration of the sum of $4,000 to be paid not later than November 1, 1926, the plaintiff grants to defendant the right, privilege, and permission to enter upon the lands in question and cut and remove all timber standing, lying, and being thereon. It contains further provisions that the permit shall continue in force until May 21, 1929; that the title to the material shall remain in plaintiff until the $4,000 is paid; that time is of the essence of the agreement and if the $4,000 is not paid on or before

November 1, 1926, all rights of the defendant thereunder shall cease on that date.

The court found that this document was prepared and signed by the parties but that it was never delivered; that it was agreed that it should not be delivered until defendant made payment of certain other debts owing by defendant to plaintiff, and that defendant never paid these debts and never paid any part of the $4,000. The court further found that this contract never took effect and that defendant acquired no rights thereunder.

On November 27, 1926, a new contract was entered into whereby it was agreed that plaintiff extended the time of payment of the $4,000 provided in the permit of May 21, 1926, to and including December 15, 1926, and defendant agreed that if such payment was not made by that date that his rights in said agreement and in the timber and lands referred to therein should cease and be terminated and said timber permit should in all things be annulled, canceled, and set aside without further action on the part of either party. There are further agreements by defendant to pay certain other debts owing to plaintiff, and an agreement concerning a trespass claim not here material. The court found that this contract, exhibit B, was executed and delivered and took effect, but that defendant never made any of the payments therein provided for. The court concluded that defendant had not acquired and had not any right, title, or interest in or to the lands or in or to the timber thereon.

Defendant contends that he acquired and held, under exhibits A and B, an interest in the timber and lands; that there was an executory sale of an interest in the land, and that his interest therein could only be terminated by the statutory notice provided for by G. S. 1923, § 9576, as amended, 2 Mason, 1927, id. That a grant of the right to enter on land and cut and remove standing timber thereon grants an interest in the land is not disputed, but whether there was here such a grant and whether the rights purported to have been granted had long since expired were questions to be determined by the trial court. That court might reasonably construe exhibit B as being only an extension of time for making payment and that it was conditioned upon payment being made. That con-

tract, as well as exhibit A, expressly provides that defendant's rights in the timber and in the land shall cease and terminate if payment is not made by the date specified. There are fairly marked distinctions between timber contracts and the ordinary contract for the sale and conveyance of land. Timber contracts are for a limited time and purpose. Timber not cut within the time limited reverts to the owner of the land. As to timber cut within the time limited, it becomes the property of the holder of the permit, but he may have no right of entry on the land to remove the timber after the time limit has expired. King v. Merriman, 38 Minn. 47, 35 N. W. 570; Alexander v. Bauer, 94 Minn. 174, 102 N. W. 387; State v. Shevlin-Carpenter Co. 102 Minn. 470, 113 N. W. 634, 114 N. W. 738. In exhibit B there is the express limitation that the rights of defendant shall cease and terminate on December 15, 1926, unless payment is made. One limitation would seem as effective as the other. The latter limitation is in the nature of a condition subsequent. Such a condition is not favored and may be waived, but we find nothing in the record to show any waiver or to make the provision inapplicable.

In Neils Lbr. Co. v. Hines, 93 Minn. 505, 101 N. W. 959, cited by defendant, the timber had been fully paid for, and the court said that it followed, as between the parties to the timber permit, that the grantee therein was authorized to remove the timber at any time before the authority to do so, under the terms of the contract, expired.

In Engel v. Mahlen, 153 Minn. 1, 189 N. W. 422, it was held that one in possession of land under an ordinary land contract and having paid part of the purchase price had not forfeited his rights by failure to make one of the subsequent payments required by the contract. Upon repudiation of the contract by the seller, the purchaser was held entitled to recover what he had paid thereon. In our present case defendant has paid nothing and could not recover in that kind of an action.

We hold that the conclusions of law and the judgments are sustained by the findings of fact here made.

That the court did not find that defendant was insolvent or that plaintiff was without adequate remedy at law is not here important.

Judgments affirmed.