### CITY OF HURON v. WILCOX.

Where a city, having power to purchase and hold real estate for the use of the city, purchases land for a pecuniary consideration named in the deed, it takes an absolute title thereto, though the deed recites that it is "understood" that the premises are deeded to the grantee "for city hall purposes only."

(Opinion filed Feb. 3, 1904.)

17 S. D.—40

Appeal from circuit court, Beadle county; Hon. J. H. Mc-Coy, Judge.

Action by the city of Huron against Fred M. Wilcox. From a judgment for plaintiff, defendant appeals. Affirmed.

*W. A. Lynch,* for appellant.

*A. B. Fairbank,* for respondent.

FULLER, J. · In support of the complaint in this action to quiet the title to a piece of ground 25 feet wide and 70 feet deep, facing west on Wisconsin street, in the city of Huron, plaintiff offered in evidence a grant, bargain and sale deed executed to the city on the 23d day of July, 1893, by George W. Sterling and his wife, Mollie B. Sterling, in consideration of $1,200, the receipt of which is therein acknowledged. The covenants of seisin and against incumbrances are as follows: "To have and to hold the said premises with the appurtenances to the said party of the second part, and the said parties of the first part for themselves and their heirs, executors and administrators, do covenant and agree to and with the said party of the second part that they are well seized in fee of the land and premises aforesaid and have good right and lawful authority to sell and convey the same in manner and form aforesaid; and that the same are free from all incumbrances whatsoever except taxes for the year 1892, and it is hereby understood that said premises are deeded to said party of the second part for city hall purposes only, and further, that the said parties of the first part for themselves and their heirs and all and every other person claiming or to claim by, from or under him or them shall and will from time to time and at all times hereafter make and execute, or cause and procure to be

executed all such further deed or deeds whatsoever for the further and more perfect assurance and confirmation of the said premises hereby granted with the appurtenances unto the said party of the second part as by him or them shall be required and the above granted premises in the quiet and peaceable possession of the said party of the second part against all persons claiming or to claim the same or any part thereof the said parties of the first part, their heirs, executors and administrators will warrant and forever defend except as aforesaid and only for the purpose herein mentioned." Claiming to be the owner of a reversionary interest under a deed executed to him by said Sterling and wife on the 23rd day of October, 1900, the defendant contends that the original transaction was a dedication to the city for a specified public use, and his counsel maintains that such trust estate was never accepted by the municipality, and the dedicators had the right of revocation when they executed the deed to his client.

According to all the authorities, dedication is the deliberate act by which the owner of real property, without remuneration, devotes the fee or an easement therein to the use of the public; and section 1299 of the Civil Code expressly declares that a "sale is a contract by which for a pecuniary consideration, called a price, one transfers to another an interest in property." Now plaintiff, through its proper officials, had power "to purchase, hold, lease, transfer, and convey real and personal property for the use of the city," and the expression, "it is hereby understood that said premises are deeded to said party of the second part for city hall purposes only," serves to show municipal authorization, and may constitute a covenant in the deed for a breach of which an

action for damages is an ample remedy. Clearly, the estate is not qualified by the provision, and the Sterlings parted with every interest in the property. Forfeitures and conditions subsequent not being favored in law, a deed will not be construed to create a conditional estate unless the language used unequivocally indicates an intention upon the part of the grantor to that effect. The right is not given to the grantors to re-enter and resume possession in case the premises are not used for city hall purposes, and the expression appears to be merely a declaration of the purpose for which the purchase was made. Without express words relating to forfeitures or entry, no authority has been found going to the extent of holding a conveyance conditional and subject to divestment that was executed for a valuable consideration, with a covenant or recital that the land conveyed shall not be used for any other purpose than that specified. The following cases are analogous to the one under consideration, and illustrate the proposition that clear language is necessary to create either a condition subsequent or precedent, and that words practically identical with those used in the deed before us create a covenant, but are not sufficient to limit or qualify an estate. Curtis v. Board of Education, 43 Kan. 138, 23 Pac. 98; Packard v. Ames, 16 Gray 327; Green v. O'Connor, 25 Atl. 692, 19 L. R. A. 262; Soukup v. Topka, 55 N. W. 824; Faith v. Bowles, 37 Atl. 711, 63 Am. St. Rep. 489; Farnham v. Thompson, 34 Minn. 330, 26 N. W. 9, 57 Am. Rep. 59; Weir v. Simmons, 13 N. W. 873; City of Portland v. Terwilliger, 19 Pac. 90; Ecroyd v. Coggeshall, 21 R. I. 1, 41 Atl. 260, 79 Am. St. Rep. 741; Kilpatrick v. Mayor, etc., of Baltimore, 31 Atl. 805, 27 L. R. A. 643, 48 Am. St. Rep. 509; Carroll

County Academy v. Trustees, 47 S. W. 617; Incorporated Village of Ashland v. Greiner (Ohio) 50 N. E. 99; Hand v. City of St. Louis, 59 S. W. 92. In order to qualify the ownership of land by the restriction of its use, as contemplated by section 196 of the Civil Code of 1903, the limiting clause must be connected with the grant in the deed so as to restrict the conveyance and have for its object the rescission, suspension, revocation, or impairment of the estate in case the grantee fails to comply therewith; and there is nothing in the deed before us to justify the implication that anything but the transfer of an absolute estate was intended. The title of the city being thus absolute and unqualified, it is needless to determine whether the clause under consideration is a covenant for the benefit of the grantor or a mere declaration of the purpose for which the property was purchased.

There being no errors of law occuring at the trial, nor merit in the point that the action should be dismissed at plaintiff's cost, the judgment appealed from is affirmed.