RUDOLPH et al, Appellants, v. BENNETT et al, Respondents.

(168 N. W. 753).

(File No. 4288.    Opinion filed Sept. 3, 1918.    Rehearing denied
November 4, 1918).

1.  Conveyancing—Conditional Deed of Fair Grounds—Diversion of
Use After Holding Stated Fairs—Conditional Vesting of Title
in City—Grantor's Right to Enjoin Agricultural Trustees.

In a suit by grantors of certain grounds to defendant county
agricultural society for fair purposes, to enjoin them from di-
verting the property from the uses specified in the deed, by sell-
ing it in lots; the deed, in the granting clause, containing re-
citals to the effect that the "covenants, restrictions and limita-
tions" therein "formed the base of the consideration of the
grant, * * * and governed and controlled the vesting of the
title to the land," and then granted and conveyed the land "sub-
ject to said restrictions and limitations, except as hereinafter
especially excepted, reserved, restricted, and limited, to the said
party of the second part," followed by a proviso that the deed
"is made subject to the exceptions, reservations, restrictions,
and limitations herein specified, to-wit" (1) that the grantee
shall use the premises for agricultural fair purposes or other
legitimate amusements under grantees' directions only, "and
shall further cause to be held once in each year for twenty
consecutive years" from date an agricultural fair thereon, and
(2) that in event of failure of grantee to have such exhibit
thereon for five consecutive years during said twenty year
period, "then and in that event the title * * shall vest absolute-
ly in the City of Canton * * and immediately upon the happen-
ing of the aforesaid event as fully and effectually * * as. if this
grant had originally been made to the said city," subject only to
the restriction that said city "shall hold and use the said prem-
ises for a public park forever;" the fair having been held for
five consecutive years as provided in the deed; grantors' conten-
tion being that the limitations and restrictions limited use of
the premises to the holding of fairs, etc., which use was to be
perpetual; grantees contending that, having complied with said
requirements of a five year series of fairs, title was thereby
relieved of all burdens imposed thereon by said conditions, and
that they could use or dispose of the premises as seemed ad-
vantageous; held, that neither of those contentions is correct,
that defendants' contention, requiring the interpretation that
the provisions in paragraphs 2 and 3 must be considered and
treated as a single condition, to the effect that, by holding a
fair once in five years, said condition was fully complied with,
is untenable; that said paragraphs contain the conditions (1),

to use the premises for the purpose of a fair, etc., without limitation of them, (2) that grantees shall cause to be held once each year for twenty consecutive years' such fair thereon; for failure to comply with which two conditions no penalty is provided; the third condition being, that for failure to hold a fair thereon for five consecutive years during said period title should vest in the city, to be used as a public park forever.

2.  Conveyancing—Conditional Grant for Agricultural Fair Purposes —Use Thereunder, Whether Impressing an Enforcible Trust— No Trust Beneficiary, or Reversionary Clause, Effect, re Enjoining Grantees.

The condition in said deed, that the premises must be used for holding fairs, etc., is a legitimate use thereof, and such use, being in part at least the consideration for the conveyance, might have impressed an enforcible trust upon the property; but inasmuch as the deed contains no reversionary clause, and names no beneficiary of such trust, and grantors having reserved no right of any kind in the premises, therefore, if grantees failed for five of such consecutive years to hold a fair thereon, title was to vest in the city, which could have taken possession and control of property, while failure to hold such fairs would not have vested in grantors any interest therein not common to all property holders in the city; and grantors—appellants having no interest in the subject of the action, are not entitled to the relief sought.

3.  Appeals—Review—Findings, Sufficiency—No Assignment of Error, Effect.

There being no proper assignment of error, finding below will not be reviewed as to sufficiency of evidence.

4.  Conveyancing—Conditional Deed for Agricultural Fair Uses—Full Value Consideration, Effect Re Vesting of Absolute Title.

In said case, there being evidence upon which trial court properly found that the consideration received by grantors was the full value of the land, held, that, there being no right of reversion or re-entry in case the property was put to uses other than those specified in the deed, grantors, upon execution and delivery thereof, parted not only with their title but with all their interest in and control over it: Huron v. Wilcox 17 S. D. 625.

Gates, J., and McCoy, J., concurring in the result.

Appeal from Circuit Court, Second Judicial Circuit Court, Lincoln County. Hon. Louis L. Fleeger, Judge.

Action by O. A. Rudolph and E. Wendt, against Millard Bennett and others, as Trustees of the Lincoln County Agricultural Society, a corporation dissolved, to enjoin defendants from cer-

tain uses of agricultural society lands. From a judgment for defendants, and from an order denying a new trial, plaintiffs appeal. Affirmed.

*A. B. Carlson,* for Appellants.

*Brown & Brown,* and *Kennedy & Kennedy,* for Respondents.

(1) To point one of the opinion, Respondents cited:

Los Angeles University vs. Swarth, et al., 107 Fed. 798; Bardon vs. O'Brien, (Wis.) 120 N. W. 827; Stone vs. Stone, (Ia.) 119 N. W. 712; Burchard vs. Walther, (Neb.) 78 N. W. 1061; Carlson vs. L. & C. Co., (Minn.) 129 N. W. 768; Sherman vs. Sherman, (S. D.) 122 N. W. 443; City of Huron vs. Wilcox (S. D.) 98 N. W. 88; McElroy vs. Pope (Ky.) 153 S. W. 903, 44 L. R. A. (N. S.) 1221; Thorndike vs. City of Milwaukee, 126 N. W. 881.

(2) To point two, Appellants cited:

McIntyre et al vs. County Comrs. et al, (Colo.) 61 Pac. 237; Alden et al, vs. St. Peters Parish et al, (Ill.) 30 L. R. A. 232; Mackenzie vs. Trustees, 3 L. R. A. N. S. 227 N. J.; Ask. Nat. Bank vs. City of Keene, (N. H.) 9 L. R. A. N. S. 758; Upington vs. Corrigan, (N. Y.) 37 L. R. A. 794; Alden vs. St. Peters, etc. (Ill.) 30 L. R. A. 232; Mills vs. Davidson, (N. J.) 35 L. R. A. 113.

POLLEY, J. Defendants are the trustees and successors in interest of the Lincoln County Agricultural Society, a domestic corporation, whose charter had expired by limitation of time, prior to the commencment of this action. On and prior to the 30th day of March, 1895, plaintiffs were the owners of a 20-acre tract of land situated within or adjoining the city of Canton. On said 30th day of March, 1895, plaintiffs executed a certain deed by which they conveyed said tract of land to the said Lincoln County Agricultural Society. The portions of said deed that are material to a determination of the questions presented on this appeal are as follows:

"For and in consideration of the sum of one dollar to them in hand paid by the Lincoln County Agricultural Society, * * * and the covenants, restrictions, and limitations, hereinafter mentioned, which covenants, restrictions, and limitations from the base of the consideration of the grant hereinafter mentioned, and govern and control the vesting of the title to the land hereinafter described, to

hereby grant, bargain, sell, and convey, subject to the restrictions and limitations hereinafter specified as aforesaid, unto the said party of the second part, its successors and assigns, the following described real estate: * * * To have and to hold the same, together with all the hereditaments and appurtenances thereunto belonging or in any wise appertaining, excepting as hereinafter expressly excepted, reserved, restricted, and limited, to the said party of the second part, its successors and assigns, forever.   And the said parties of the first part * * * covenant with the party of the second part: * * * Provided, always, and this grant or deed of conveyance is made subject to the exceptions, reservations, restrictions, and limitations herein specified, to wit: * * *

"2. The said Lincoln County Agricultural Society, the said party of the second part, shall use the premises hereinafter described, for the purposes of an agricultural fair or other legitimate amusements under the direction of the board of directors of said association only, and shall further cause to be held once in each year for twenty consecutive years from the date hereof an agriculture exhibition fair upon said premises.

"3. That in the event of the failure of said second party to have such agricultural exhibition fair upon said premises for five consecutive years during said period of twenty years, then and in that event the title to the above-described land and premises shall vest absolutely in the city of Canton, Lincoln county, South Dakota, immediately upon the happening of the aforesaid event as fully and effectually to all intents and purposes as if this grant had originally been made to the said city of Canton, subject only to the restriction that the city of Canton shall hold and use the said premises for a public park forever."

It is admitted that an agricultural exhibition was held upon the said premises by the said society as provided for in paragraph 3 above set out, but it is alleged in the complaint that the defendants, as the trustees of the above-named agricultural society now threaten to, and are about to, divert the said property from the uses for which it was conveyed to said society, and are about to sell the said property in lots, with the intention of preventing the same from hereafter being used for the purposes specified in the said deed, and, among other relief prayed for by plaintiffs, they ask that defendants be restrained and enjoined from selling or

otherwise diverting the said property from the uses for which it was conveyed to the said agricultural society. The trial court made findings of fact and conclusions of law favorable to defendants and decree was entered accordingly. From such decree, and an order overruling their motion for a new trial, plaintiff appeal.

[1] The disposition to be made of the appeal depends upon the construction placed upon the deed. It is the contention of the appellants that the effect of the limitations and restrictions contained in the deed was to limit the use of conveyed premises to the holding of agricultural exhibition fairs and other legitimate amusements, that such use was to be perpetual, and that to devote said premises to private uses in the manner set out in the complaint constitutes a diversion from the purposes of the conveyance that warrants the interference of a court of equity. On the other hand, respondents contend that, having complied with the requirement to hold an agricultural exhibition fair once every 5 years for a period of 20 years, the title to the premises was thereby relieved of all the burdens imposed thereon by the conditions named in the deed, and that they were then at liberty to make such use or disposition of the premises as seemed advantageous to themselves.

In our view, neither of these contentions is correct. In order to arrive at the conclusion reached by respondents, the provisions contained in paragraphs 2 and 3 above set out must be considered together and treated as a single condition, to the effect that, by holding an agricultural exhibition fair once in 5 years, the said condition was fully complied with. This is not a correct interpretation of these paragraphs. These two paragraphs contain three separate conditions. The first is to use the said premises for the purpose of an agricultural fair, or other legitimate amusements. This use is without any limitation of time. The second condition is that the board of directors of the said association shall cause to be held, once in each year for 20 consecutive years an agricultural exhibition fair upon said premises. For a failure to comply with these two conditions no penalty is provided. The third provision is that, for a failure to hold an agricultural exhibition fair upon said premises for 5 consecutive years during the said period of 20 years, the title should vest in the city of Canton, to be used as a public park, forever.

[2] The condition that the premises involved must be used as a place for holding agricultural fairs and other legitimate amusements is a proper and legitimate use to be made of the premises, and such use, being in part, at least, the consideration for the conveyance, might have impressed an enforceable trust upon the property; but the difficulty is the deed contains no reversionary clause, nor does it name any beneficiary of such trust. The appellants, who are the grantors in the deed, reserved no rights of any kind in the premises. If the grantee failed for a period of 5 consecutive years during a period of 20 years to hold an agricultural exhibition fair upon the premises, the title was to vest in the city of Canton, and the city of Canton could have taken possession and control of the property. But the failure to hold such fairs in the manner specified would not have vested in the grantors any interest in the premises not common to all the other property holders in said city. There was some evidence tending to prove that appellants received some consideration for the conveyance of the land other than that named in the deed, and the court found as a fact that the consideration received by the grantors for the land was its full value at that time.

[3, 4] The sufficiency of the evidence to sustain this finding is not questioned by any proper assignment; therefore such finding must be taken as true. This brings the case within the same class as Huron v. Wilcox, 17 S. D. 625, 98 N. W. 88, 106 Am. St. Rep. 788, and Sherman v. Sherman, 23 S. D. 486, 122 N. W. 439. The grantors did not reserve a right of reversion or re-entry in case the property was put to uses other than those specified in the deed. When they executed and delivered the deed, they parted, not only with their title, but with all their interest in and control over the property. Huron v. Wilcox, supra. The appellants, having no interest in the subject of the action, are not entitled to the relief sought.

The judgment appealed from is affirmed.

GATES, J. I concur in the result, upon the ground that the provisions of the deed, taken as a whole, do not disclose an intent to create a perpetual trust, but rather a trust for the period of 20 years, which period has expired.

McCOY, J., concurs in the result.