**NORTHWEST REALTY COMPANY, a corporation, Plaintiff and Respondent,**

**v.**

**Theodore C. JACOBS and Olive I. Jacobs, Defendants and Appellants.**

**No. 12391.**

Supreme Court of South Dakota.

Argued June 5, 1978.

Decided Dec. 29, 1978.

142

Herbert A. Heidepriem, Heidepriem,
Widmayer & Campbell, Miller, for plaintiff
and respondent.

Chas. H. Whiting, of Whiting & Hagg, Louis K. Freiberg, Rapid City, for defendants and appellants.

ZASTROW, Justice.

Northwest Realty Co. (plaintiff) sought an injunction requiring Ted and Olive Jacobs (defendants) to remove large amounts of fill dirt from the property in dispute. Defendants counter-claimed seeking a judgment quieting title to the property in them and enjoining the plaintiff from interfering with defendants' use and enjoyment of the property in question. From the judgment in favor of plaintiff, defendants appeal. We reverse.

The facts of this case were stipulated to between the parties and are essentially as follows. The Iowa Irrigation Ditch Company (Iowa Ditch) was incorporated in 1895. Its articles of incorporation provided as follows:

This company is formed for the purpose of locating, constructing and maintaining dams, ditches and flumes for the purpose of conducting the waters of Rapid Creek out upon the land in Pennington County, South Dakota, for irrigation purposes, milling and domestic use.

Iowa Ditch then began to obtain quitclaim deeds along the course of the proposed irrigation ditch. The various deeds obtained range from unconditional fees to easements with "reverter to grantor" clauses. Several tracts of land which the ditch crossed had no conveyances of record to Iowa Ditch.

On April 26, 1898, Jacob A. C. Smith (Smith) executed and delivered a quitclaim deed to Iowa Ditch which is shown in the records of the register of deeds as follows:

KNOW ALL MEN BY THESE PRESENTS:

That *Jacob A. C. Smith* of the County of *Pennington* in the *State of South Dakota,* party of the first part, in consideration of the sum of *Fifty* Dollars in hand paid by *The Iowa Irrigation Ditch Company a Corporation with its principal office at Rapid City,* County of *Pennington* and *State of South Dakota,* party of the second part, the receipt whereof is hereby acknowledged, do hereby grant, remise, release and quit-claim unto the said party of the second part, *its successors* and assigns forever, all *his* estate, right, title, interest, claim, property and demand, of, in and to the following real property, situate in the County of Pennington, State of South Dakota, and described as follows:

*A Strip of land not exceeding forty (40) feet in width following the course of the survey of the Iowa Irrigation Ditch Co. as shown by the recorded plat thereof across lot four (4) Section five (5) in Township One (1) North of Range Eight (8) East B.H.M. to be used as a right of way for an Irrigation Ditch,*

*It is hereby agreed as a further consideration for payment of this right of way, that the party of the second part will furnish water at the regular established price fixed by said second party, for the purpose of irrigating all the land owned by the party of the first part, as soon as the ditch contains water that can be used for this purpose, and the party of the second part also agrees to place a bridge over said ditch at such place as the party of the first part may demand.*

TO HAVE AND TO HOLD the same, together with all the hereditaments and appurtenances thereunto in anywise appertaining.

WITNESS my hand and seal this 26th day of April A.D. 1898.

Jacob A. C. Smith (SEAL)[1]

The recorded plat referred to in the deed shows only the location of a single line of the proposed ditch.

Shares of stock were issued to the owners of each tract of land irrigated from the ditch. Tom Phillips, a successor in interest to Smith, held three shares in the Iowa Ditch Corporation. Those three shares were assigned by tne only heir of Phillips to the defendants on January 1, 1977.

---

1. The handwritten material is italicized.

In the flood of June 9, 1972, the head gate of the ditch was destroyed and portions of the ditch itself were severely damaged. On January 4, 1973, the stockholders of Iowa Ditch, finding the expense of reconstructing the ditch prohibitive, voted to dissolve the corporation and deliver quitclaim deeds to the stockholders who owned property adjacent to the ditch which was subject to easements for the ditch.

On February 12, 1973, the directors of the corporation adopted a resolution to convey "the real property owned by the corporation" to Kenneth Shabina and four others. At a stockholders meeting, a similar resolution was adopted. A quitclaim deed to the property in question was issued to Shabina, who in turn conveyed it to plaintiff.

The land on either side of the ditch which had been owned by Smith was eventually replatted as Lots 5 and 6 of Campbell Square Addition to the City of Rapid City. Defendants acquired Lot 6 on October 19, 1973, and Lot 5 on January 24, 1975.

After acquiring the lots, defendants filled a portion of the ditch; part of the former ditch is now a paved parking area used in defendant's automobile dealership. Plaintiff subsequently brought this action, claiming fee title to the ditch, to have defendants remove the fill from the ditch.

The issue to be determined in this appeal is whether the Smith-Iowa Ditch deed conveyed a fee title or only a right-of-way easement.

▪ The quitclaim deed in question contains a clause granting all of Smith's interest in the strip of property, SDCL 43–25–10, 43–25–11, and a description of the property which restricts the grant to an easement for a right-of-way, SDCL 43–13–1. Because of the inconsistency of these clauses, it is necessary to use established rules of construction to aid in ascertaining the grantor's intention.[2]

▪ The paramount rule of construction is that the intention of the parties, and the grantor in particular, is to be ascertained by a fair consideration of the entire instrument and the language therein, without undue emphasis on any particular part or provision of the document. *Black Hills Power and Light Co. v. Schuft* 1972, 86 S.D. 194, 193 N.W.2d 429; 26 C.J.S. Deeds § 84a; 23 Am.Jur.2d Deeds § 162; 4 Tiffany on Real Property (3rd ed.) § 981; Thompson on Real Property § 319; Powell on Real Property ¶ 407. Words are to be construed in pari materia and a construction should be adopted which gives effect to all words. Each word and provision should be given that significance which is consistent with, and will effectuate the manifest intention of the parties. 26 C.J.S. Deeds § 84b; 23 Am.Jur.2d Deeds § 163; 4 Tiffany on Real Property (3rd ed.) § 981; 2 Thompson on Real Property 319; 3 Powell on Real Property ¶ 408.

▪ Furthermore, a grant is to be construed in favor of the grantee, SDCL 43–4–16, 26 C.J.S. Deeds § 82e; 23 Am.Jur.2d Deeds § 165; 4 Tiffany on Real Property (3rd ed.) § 978; 2 Thompson 319; 3 Powell 407; and a fee simple title is presumed to be intended to pass by a grant of real property *unless it appears from the grant that a lesser estate was intended.* SDCL 43–25–15; 26 C.J.S. Deeds § 104c; 23 Am. Jur.2d Deeds § 165; 4 Tiffany on Real Property § 978. Where the term "right of way" is used in a deed it usually indicates that only an easement or a right of passage is being conveyed or reserved. In such a case the instrument should be construed as conveying an easement unless the instrument, considered as a whole, indicates that the parties intended the passage of fee title. *Sohio Petroleum Company v. Hebert*, 1962 La.App., 146 So.2d 530; 3 Powell on Real Property § 407; 2 Thompson on Real Property § 319.

---

2. Because only the register of deeds' record of the deed was introduced in evidence, we are unable to rely upon the rule of construction that as between inconsistent printed provisions and handwritten or typewritten provisions, the latter will control. 23 Am.Jur.2d, Deeds, § 168; Annot., 37 A.L.R.2d 822; 26 C.J.S. Deeds § 85; 4 Tiffany on Real Property (3rd ed.) § 981.3.

■ If, however, construction of the instrument as a whole leaves the intention of the parties in doubt, consideration must be given to the situation and circumstances of the parties at the time of the execution of the deed in order to determine what was within their contemplation at that time. *Black Hills Power and Light Co.* supra.

■ The resolution of the problem of determining whether a deed intended to convey a fee simple title or an easement involves the consideration of the following factors: (1) the amount of consideration; (2) the particularity of the description of the property conveyed; (3) the extent of the limitation upon the use of the property; (4) the type of interest which best serves the manifested purpose of the parties; (5) the peculiarities of wording used in the conveyance document; (6) to whom the property was assessed and who paid the taxes on the property; and (7) how the parties to the conveyance, or the heirs or assigns, have treated the property. *Sohio Petroleum Co. v. Hebert*, supra; 3 *Powell on Real Property* ¶ 407; 2 *Thompson on Real Property* (1961 Supp.) § 319; Restatement of Law, Property § 471; 23 Am.Jur.2d Deeds § 195; 26 C.J.S. Deeds § 104.

■ The consideration recited in the quitclaim deed was more than nominal. The strip of land across then Lot 4, at its maximum width, would have occupied a little over one acre. The record shows that Smith had acquired the entirety of Lot 4 consisting of 41 acres for $120 seven months prior to the grant in question. In comparison, it may appear that the consideration given is more than nominal and is evidence of an intent to grant an estate in fee to Iowa Ditch. However, the consideration is not inconsistent with a perpetual easement of an irregular irrigation ditch that divides the property by a meandering trench.

The degree of precision of the description of the strip of land is lacking and is much more indicative of a grant of easement than a fee. The plat of the survey for the irrigation ditch is simply a single line crossing several parcels of property. It does not indicate the width or final location of the proposed ditch.

■ The description in the deed indicates that it is not to exceed 40 feet along the course of the survey. The line on the survey is not designated as the center line, and, therefore, the actual ditch could be 40 feet on either side of that line. Easements do not require a definite statement of their width, dimensions, or exact location, *Miller v. Snedeker,* 1960, 257 Minn. 204, 101 N.W.2d 213; *Isenberg v. Woitcheck,* 1960, 144 Col. 394, 356 P.2d 904; 25 Am.Jur.2d Easements and Licenses, § 78. The conveyance of fee title, however, requires a reasonable certainty of the boundaries. *Mitchell v. Nicholson,* 1942, 71 N.D. 521, 3 N.W.2d 83.

■ The wording of the deed purports to grant the property to Iowa Ditch and "its successors and assigns forever." These words of inheritance and succession, although not required by statutes (SDCL 43–25–4, formerly C.L. 1887, § 3241), were considered at common law equally necessary to create either a fee simple title or a perpetual easement. 25 Am.Jur.2d, Easements § 100; 23 Am.Jur.2d, Deeds, § 38. The use of this phrase is of no assistance in determining the intent of the grantor. *Sherman v. Petroleum Exploration,* 1939, 280 Ky. 105, 132 S.W.2d 768.

■ The deed recites that Smith did "grant * * * all of his estate, right, title, interest, claim, property and demand, of, and to * * * a strip of land * * * across lot four * * * to be used as a right of way for an irrigation ditch." Although use of the terms "over and across," "across," or "over" when used alone in a deed does not imply an easement, *Kynerd v. Hulen,* 1925, (5 Cir.), 5 F.2d 160, when used in conjunction with a restriction of the use as a right-of-way, it is considered to be evidence that an easement was intended. *Magnolia Petroleum Co. v. Thompson,* 1939, (8 Cir.), 106 F.2d 217; *Tallman v. Eastern Illinois & Peoria R. Co.,* 1942, 379 Ill. 441, 41 N.E.2d 537.

■ In considering the restrictions upon the use of the property conveyed, the deed

quite clearly restricts the use to a right-of-way for irrigation purposes. In addition, it provides that part of the consideration of the grant is the providing of irrigation water for grantor's land "as soon as the ditch contains water." There seems to be little doubt that the grantor's intention was to restrict the use of the strip of land to that of an irrigation ditch and irrigation purposes.

■ The final factor to be considered is whether the rights granted will be best served by an easement or a fee estate for the manifested purpose of the parties. Certainly, a perpetual easement would provide Iowa Ditch with all the rights necessary for the construction and repair of an irrigation ditch. The indefiniteness of the location of the strip could allow the corporation to deviate from the course of the original construction as might be necessitated by future events. The latitude of an easement would appear to suit the requirements of Iowa Ditch more than the original construction area, which title would be restricted to if a fee simple were intended.

The indefinite but restricted width and meandering length of the grant suggests that any use other than that of an irrigation ditch is unlikely.

The plaintiff relies upon *Sherman v. Sherman*, 1909, 23 S.D. 486, 122 N.W. 439, and *City of Huron v. Wilcox*, 1904, 17 S.D. 625, 98 N.W. 88, as authority that a restriction in a deed in the use of the property conveyed does not create an easement. Its reliance on *City of Huron v. Wilcox*, supra, is misplaced; the question there was whether a deed which restricted the use of the lot conveyed "for city hall purposes only" created a conditional estate (specifically a fee subject to a condition subsequent). The court held that a deed lacking express words of forfeiture or entry would not create a conditional estate subject to divestment. See 31 C.J.S., Estates, § 20(3). It did state that it may constitute a covenant in the deed, a breach of which might be grounds for an action for damages.

In *Sherman v. Sherman*, supra, the court held that the grant did not create an estate subject to a condition subsequent in accord with *City of Huron v. Wilcox*, supra. See *Rudolph v. Bennett*, 1918, 41 S.D. 24, 168 N.W. 753.

Consequently we hold that the Smith-Iowa Ditch deed only conveyed a right-of-way easement. The deed contained no specific measurement of the property conveyed. The granting of an easement was consistent with the needs of Iowa Ditch as is the language in the instrument and the use of the land. In addition, Iowa Ditch never paid the property taxes on the strip of land. These factors and the public policy discouraging separate ownership on narrow strips of land, *Abbot v. Pearson*, 1975, 257 Ark. 694, 520 S.W.2d 204, require reversal of the judgment of the trial court.

All the Justices concur.