#24489-rev in pt & aff in pt-MILLER, Retired Justice

**2007 SD 128**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

RONALD J. HOLECEK,                                        Plaintiff and Appellant,

  v.

ROBERT T. SUNDBY and GENAE M.
WARRINGTON, and all persons
unknown who have or claim to have
any interest or estate in or lien
or encumbrance upon the premises
described herein,                                        Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JANINE M. KERN
Judge

\* \* \* \*

STAN H. ANKER of
Anker Law Group, P.C.
Rapid City, South Dakota                      Attorneys for plaintiff
                                              and appellant.


MICHAEL K. SABERS of
Clayborne, Loos & Strommen, LLP
Rapid City, South Dakota                      Attorneys for defendants
                                              and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 7, 2007

OPINION FILED **12/12/07**

#24489

MILLER, Retired Justice

[¶1.]        Ronald J. Holecek appeals the circuit court's grant of summary

judgment and denial to vacate the same.  The circuit court determined that Holecek

lacked standing to bring the lawsuit to quiet title over a property belonging to

Robert T. Sundby and Ganae M. Warrington (hereinafter collectively referred to as

Sundby).  Additionally, the circuit court granted Sundby's summary judgment

motion on two other issues.  We reverse in part and affirm in part.

**FACTS**

[¶2.]        Holecek brought a quiet title action against Sundby regarding a strip

of land located in Pennington County, South Dakota.  Holecek's deceased

grandfather, Joseph J. Holecek, owned the contested land until 1959, when he

deeded it to the City of Rapid City using a quit claim deed that contained the

following language:

> The above described property shall revert to the grantor if the
> same is not used for purposes of a public street or for purposes of
> a public utility right of way.

In 1990, after the City's Common Council passed a resolution that determined the

property was "no longer necessary for municipal purposes," the City sold it to

Patrick Vidal and Peter B. Hendricksen for private development.  However, in the

same resolution, the Common Council specifically reserved the City's right to use

the property as a utility right of way, a right reiterated in the conveying

instrument.

[¶3.]        Although for some reason the City's original deed conveying its

ownership interest in the contested land lacked reference to the express utility

-1-

easement, the correction deed, issued forty-one days later, unequivocally expressed the reservation, stating: "the City of Rapid City hereby retains an easement under, over, through, and across the above referenced property for the purpose of maintaining a public street or maintaining, constructing, or operating, and repairing public utilities by itself or by an authorized franchisee."

[¶4.] In 2006, Holecek became aware of the property and the reservation in his grandfather's deed to the City. Later, after consulting legal counsel, Holecek drafted a letter to Sundby and the City expressing his alleged "superior ownership" in the land, and demanded that the "developer" and the City "cease and desist from trespassing upon the property." (Emphasis omitted). The City's response, sent to both Sundby and Holecek, expressed the need for litigation. Sundby did not respond to Holecek's letter. Holecek then filed a complaint seeking to quiet title to the land.

[¶5.] Sundby responded to the complaint by filing a motion to dismiss, or in the alternative, a motion for summary judgment. At the motion hearing, Sundby presented three arguments: 1) Holecek failed to establish he was an heir, and therefore had no standing to sue; 2) the City's reserved interest in and use of the property prevented reversion from taking place; and 3) the defense of laches. Holecek opposed the motion by submitting an affidavit to the court stating he was the grandson and heir of Joseph J. Holecek, the holder of the reversionary interest. The affidavit also asserted his promptness in pursuing this legal matter and his understanding that the property was not being used for "purposes of a public street

or for purposes of a public utility right of way," as required by his grandfather's deed.

[¶6.] After the hearing, the circuit court granted the motion for summary judgment on Sundby's first argument, *i.e.,* that Holecek had no standing. The court opined that Holecek's conclusory assertions that he was a grandson and heir of Joseph J. Holecek were insufficient to oppose the motion. Holecek later made a timely motion to vacate the summary judgment order under SDCL 15-6-60(b).

[¶7.] At the motion to vacate hearing, Holecek argued that he honestly believed his affidavit, asserting that he was a grandson and heir of Joseph J. Holecek, was sufficient evidence to survive the summary judgment motion. He also argued that this belief, even if incorrect, was an inadvertent mistake covered under SDCL 15-6-60(b)(1). Additionally, Holecek presented two separate prior judicial rulings that established him as an heir to his grandfather, Joseph J. Holecek. Finally, he argued that the lawsuit had merit and must be permitted to proceed.

[¶8.] Notwithstanding these and other arguments, the circuit court denied Holecek's motion to vacate, stating: "The court finds there has been no showing of excusable neglect. Further there is no showing of a probable meritorious defense." Subsequent to denying the motion to vacate, the court expanded its original disposition and proceeded to grant Sundby's original summary judgment motion on other issues, *i.e.*, no evidence the City's use triggered the reversion, and the affirmative defense of laches. Holecek appeals.

### Standard of Review

The standard of review on a motion for summary judgment is well settled. In reviewing a grant of summary judgment:

> "'[W]e must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the non-moving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.'"

Continental Grain Co. v. Heritage Bank, 1996 SD 61, ¶14, 548 NW2d 507, 511 (citations omitted).

[¶9.]       **1.      Whether the court erred in granting summary judgment for lack of standing.**

[¶10.]       In resistance to Sundby's motion, Holecek filed a brief along with an affidavit signed by himself, stating he was the grandson and heir of Joseph J. Holecek. He also provided case law that permitted an heir to sue in the stead of a deceased relative. However, Holecek did not provide any other information that indicated he had a right to the reversionary interest. The court granted summary judgment on the standing issue, stating:

> [P]laintiff has failed to assert his status as an heir other than the fact that Joe Holecek, in essence, was his grandfather. . . . We have nothing that establishes him as an heir or signee [sic] of his grandfather's right. Further, we have no, for example, from the will or even that there is a will, that he would be an heir. There is no information that even if grandfather Joe Holecek's estate passed to his son, the plaintiff's father, that he would be a beneficiary under his father's estate.

[¶11.]     The statutory language of SDCL 15-6-56(e) states that:

> When a motion for summary judgment is made and supported as provided in § 15-6-56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15-6-56, must set forth specific facts showing that there is a genuine issue for trial.

Holecek provided case law that would permit a relative to sue in the stead of a decedent, and argued that he was, in fact, the grandson and heir of the interested party's estate. Further, he asserted that he was bringing the suit on behalf of himself and all other remaining heirs. The affidavit was executed with "personal knowledge" and "set forth such facts as would be admissible in evidence"; therefore, it was an appropriate form of affidavit supporting his opposition to the motion for summary judgment. *Id.* Moreover, the facts represented in the affidavit adequately raise a genuine issue of disputed fact. *See* Bordeaux v. Shannon County Sch., 2005 SD 117, ¶14, 707 NW2d 123, 127 (requiring "those resisting summary judgment [to] show that they will be able to place sufficient evidence in the record") (citations omitted).

[¶12.]     Thus, the grant of summary judgment based on standing was inappropriate and the circuit court erred in granting it.

[¶13.]     **2.      Whether the court erred in granting summary judgment on the issue of reversion.**

[¶14.]     Holecek next contends that the circuit court erred in granting summary judgment on the issue of reversion. In particular, he argues two points: 1) that the original deed merely granted an easement to the City, with no right to sell the property; and 2) by law the property reverted to his grandfather's estate

when the Common Council determined the land was "no longer necessary for municipal purposes." We disagree with both contentions.

[¶15.]       Holecek cites *Tibbitts v. Anthem Holdings Corp.,* 2005 SD 26, ¶7, 694 NW2d 41, 44, for the proposition that the deed merely transferred an easement right over the property. In *Tibbitts,* we "stated that '[w]here the term 'right of way' is used in a deed it usually indicates that only an easement or right of passage is being conveyed or reserved.'" *Id.* (quoting Northwest Realty Co. v. Jacobs, 273 NW2d 141, 144 (SD 1978)). However, in *Tibbitts* the instrument conveyed merely a right of way. *Id.* ¶¶5-6 (stating "[t]he original deeds to the County specifically state that the conveyances were for rights of way"). In contrast, here the deed granting the City an interest in the property conveyed a fee interest with a reservation limiting its use. Holecek's grandfather conveyed the land with a quit claim deed. A quit claim deed statutorily "convey[s] to the grantee, his heirs and assigns, . . . *all right, title, and interest of the grantor* in the premises described." SDCL 43-25-8 (emphasis added). Therefore, the deed conveyed the City a fee simple interest.

[¶16.]       However, use of the fee simple was subject to a conditional reservation. The quit claim deed required that the land be "used for purposes of a public street *or for purposes of a public utility right of way."* (Emphasis added). For the reservation clause to become effective, Holecek must establish the reversionary condition occurred. In this case, the City has always maintained "a reservation of utility easement" in the property. The City's reserved right of a utility easement satisfies the conditional language. Moreover, the correction deed conveying the City's interest to Vidal and Hendricksen stated:

> [T]he City of Rapid City hereby retains an easement under, over, through, and across the above referenced property for the purpose of maintaining a public street or maintaining, constructing, operating and repairing public utilities by itself or by an authorized franchisee.

Additionally, Sundby's affidavit stated that a public drainage easement has always existed on the property since Joseph J. Holecek conveyed it in 1959, and "[i]n 2005-2006 Sundbys/Scull Construction contacted several utility companies . . . in regard to a number of lines located upon the property in accordance with the easement. Some lines were relocated by these [utility] companies in the summer of 2006 to accommodate the active building permit and will remain in accordance with the easement for public utility right-of-way." Finally, Holecek failed to provide any evidence of the condition's violation. *Bordeaux*, 2005 SD 117, ¶14, 707 NW2d at 127 (requiring a party resisting summary judgment to demonstrate its capacity to support each element "on which they have the burden of proof") (citations omitted).

[¶17.]     Holecek failed to establish the quit claim deed transferred anything less than fee simple title that was subject to a condition subsequent. Further, he has failed to proffer any evidence that the City has failed to use the property in the capacity required by the reservation. Therefore, the court's grant of summary judgment on the issue of reservation was proper.

[¶18.]     In view of our holding above, we need not address other issues raised.

[¶19.]     Summary judgment for Sundby is affirmed.

[¶20.]     GILBERTSON, Chief Justice, and ZINTER and MEIERHENRY, Justices, and HOFFMAN, Circuit Judge, concur.

#24489

[¶21.]     MILLER, Retired Justice for SABERS, Justice, disqualified, and HOFFMAN, Circuit Judge for KONENKAMP, Justice, disqualified.